JOHN BURLÉIGH v. H. A. PARTON.

A note, executed in the firm name, by one partner, does not bind the other partner, where it is given for a consideration, disconnected with the business of the partnership.

Evidence that upon the presentation of the note to the partner, sought to be bound, he said, "he would settle the same, if he could get the books, notes and accounts from Wilkins, (his partner,)" not sufficient to establish a ratification.

In its strongest sense it is no more than a promise to pay the note on condition, and if the condition did not happen, no obligation attached.

Appeal from Cherokee. Tried below before Hon. R. A. Reeves.

Suit on a note, made in the name of Wilkins & Burleigh. Burleigh alleges that it was executed by Wilkins for a debt, owing by Wilkins & Boyd, without his knowledge or consent. These facts were proved on the trial. The evidence in relation to the ratification by Burleigh is given in the Opinion.

There was a verdict and judgment for the appellee. Motion for new trial made and overruled.

*C. E. & F. E. Williams*, for appellant. I. If a party take the note of a member of a firm, although the firm name be signed, that note being the payment of the indebtedness of said member, does not bind the firm. (Good v. McClarty, 10 Tex. R. 193; Dallam, 441–5; 3 Kent, 41–43; Story's Cont. Sec. 133, and note to page 214; 11 Johns. 546–7; Livingston v. Hastings, 2 Com. R. 246.)

II. It is well settled that in order to make a ratification binding, the party relying on it, must prove a previous knowledge of all the material facts. (2 Greenl. Ev. Sec. 66.)

The ratification, if any, was conditional, and it matters not with what belief the conditional promise or ratification was made, the condition must be proved to have happened before suit can be brought on it. On a promise to pay a debt, " when he is able," the ability of the party must be proved in order to charge him. Or if he promises to pay a note, upon the happening of a certain event, such event must be proved to have happened, or the party is not liable. (Story on Contracts, Sec. 71.)

ROBERTS, J. Burleigh was not originally liable for the note, although it was executed in the firm name by his partner. Because it was given for a consideration disconnected with the business of the partnership.

The only question about which there can be any controversy is, as to the confirmation of the act of his partner after the note was executed. Parton, being sworn, testified that he presented the note to Burleigh, " who said that he would settle the same, if he could get the books, notes and accounts from Wilkins," (his partner.)

Hoyt testified that he was present at one time, when Parton presented the note to Burleigh, and that Burleigh said that Wilkins had wrongfully executed the note, and that he would have nothing to do with it, and expressed great surprise at there being such a note.

This evidence is not sufficient to establish a confirmation, because, 1st. Burleigh might be willing to recognize the note, as his act, (although it was not,) if he had in his own hands the book, notes and accounts by which he could secure himself in the assumption of a debt he did not owe. The expression imports a willingness to make the note his own by paying it, if he had the books, &c., rather than an immediate assumption to pay it on such condition.

2nd. But if it be regarded in the strongest lightts again

Burleigh as a present undertaking to pay the debt as his own upon a condition, to-wit: that he could get the books; there is no evidence that such condition ever happened.

Judgment is reversed and cause remanded.

Reversed and remanded.