### SALLIE BURGESS v. WESTERN UNION TELEGRAPH COMPANY.

#### No. 658. Decided June 13, 1898.

**1. Interstate Commerce—State Legislation Affecting Contracts.**

State statutes restricting contracts limiting time for suit or providing for notice before suit are not unconstitutional as applied to contracts for interstate telegraph messages. Following Armstrong v. Railway, ante, p. 117. (Pp. 127, 128.)

**2. Foreign Law—Presumption.**

In the absence of proof, the law of another State will be presumed to be the same as that enacted by statute in this. Tempel v. Dodge, 89 Texas, 71. (P. 127.)

**3. Interstate Telegram—Law Governing Action for Negligence.**

Independent of any presumption as to the law of Louisiana, the Texas statute restricting contracts limiting time for suit or requiring notice before suit, would apply to and govern a suit for damages to plaintiff by negligent delay in delivering to the addressee after arrival at its destination in Texas, a telegraph message sent by plaintiff from Louisiana. (P. 128.)

**4. Legislative Power—Defining Reasonable Contract.**

It appears to be not beyond the power of the Legislature, within just bounds, to define what is reasonable in the contract of one whose right is to make only a reasonable contract. (P. 128.)

**5. Court of Civil Appeals—Revision on the Facts.**

The Court of Civil Appeals has the right to review and to set aside the finding of the trial court or jury on the facts, and their so doing can not be held error as an invasion of the latter's province. (P. 128.)

**6. Same—Power to Render Judgment.**

The findings of fact by the Court of Civil Appeals may be ground for the reversal of the judgment, and as such are binding on the Supreme Court, but such findings can not be made the basis for a rendition of judgment by the Court of Civil Appeals, and error in so doing instead of remanding the case will be revised. (Pp. 128, 129.)

ERROR to the Court of Civil Appeals for the First District, in an appeal from Jefferson.

Sallie Burgess sued the telegraph company and obtained a judgment which, on defendant's appeal, was reversed and judgment was rendered for appellant. Thereupon she obtained writ of error.

*Votaw, Chester & Martin*, for plaintiff in error.—A plea that no notice was given within sixty days to a defendant, of any claim for damages,

as a condition precedent to a suit for damages for injuries and loss sustained, is a nullity, entitled to no consideration, shows no defense, and should be overruled. Rev. Stats , art. 3378, 3379.

Where parties in one State make a contract which in its nature must be performed in another—or which in fact they mean shall be so performed, as shown by its terms or otherwise—the tribunals of the latter locality will not give it effect unless such contract is valid as tested by its own domestic laws. Rev. Stats. 1895, arts. 3378, 3379; Byers v. Brannon, 30 S. W. Rep., 492; Connor v. Donnell, 55 Texas, 174; Raymond v. Holmes, 11 Texas, 57; Jewell v. Wright, 30 N. Y., 259; Bish. on Contracts, 1379.

In absence of proof to the contrary, it is presumed upon the trial of a cause in Texas that the law of a State in which a contract was made, to be performed in Texas, is the same as the law of Texas. Crosby v. Houston, 1 Texas, 203; James v. James, 81 Texas, 373.

*Norman G. Kittrell* and *M. R. Geer*, for defendant in error.—The articles of the statute referred to can have no extraterritorial effect, and the message was an interstate message, contract for delivery of which and time in which suit should be brought, if any breach occurred, was made by a resident of Alabama in the State of Louisiana and was presumably valid there, and must be controlled in its interpretation and validity by the law of the place where it was made, and will be so construed to support rather than annul the contract. Morgan v. Railway, 2 Woods, C. C., 244; Williams v. Carr, 80 N. C., 294; Butler v. Myer, 17 Ind., 77; Green v. Sarmiento, Pet., C. C., 74; Waldron v. Ritchings, 3 Daly N. Y., 288; Harrison v. Sterry, 5 Cranch. (U. S.), 289; Scudder v. Bank, 91 U. S., 406; Pritchard v. Norton, 106 U. S., 124; DeHam v. Railway, 23 S. W. Rep., 381; Carnahan v. Telegraph Co., 89 Ind., 526; Reed's Case, 96 Ind., 195; Rogers' Case, 122 Ind., 395; Telegraph Co. v. Rains, 63 Texas, 27; Telegraph Co. v. Texas, 105 U. S., 464; Telegraph Co. v. Pendleton, 122 U. S., 347; Ryan Case, 65 Texas, 16.

The proposition of identity or similarity of law does not logically or reasonably involve the presumption that some other State has enacted a statute identical with ours. Whart. on Ev., sec. 1292; Sloan v. Torry, 78 Mo., 623; McCulloch v. Norwood, 58 N. Y., 564; Harris v. White, 81 N. Y., 502; Keefer v. Mason, 36 Ill., 406.

While the Court of Civil Appeals can not make an original final determination of a question of fact so as to substitute its finding for that of the jury, yet where the law conclusively forbids recovery, or where admitting all the plaintiff proves to be true the court holds he has proved no case, it has the right and power to so declare as a matter of law, and to do so deprives the plaintiff of no constitutional right. Choate v. Railway, 91 Texas, 406; Railway v. Shieder, 88 Texas, 163.

DENMAN, Associate Justice.—This suit was brought by Miss Sallie Burgess against the company to recover damages for its alleged negligent

delay in delivering to her uncle Hufham a telegram sent by her from New Orleans, La., to him at Beaumont, Texas. The company pleaded under oath "that the contract alleged to have been made with this defendant was made, if at all, on June 30, 1896, and that before bringing this action no notice was given within sixty days to this defendant of any claim for damages, as condition precedent to said suit, though said original contract which was made in the State of Louisiana required said notice to be given in not longer time than sixty days;" and also a general denial. The cause having been tried before the court without a jury and judgment having been rendered against it, the company appealed to the Court of Civil Appeals, which court having reversed, and rendered judgment "that Sallie Burgess take nothing by the suit," she has brought the case to this court upon writ of error.

The first assignment of error is that the Court of Civil Appeals erred in holding that the stipulation in the contract pleaded in said special answer was valid. · The stipulation was as follows: "The company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within sixty days after the message is filed with the company for transmission." There was no proof that any attempt was made to give notice. Revised Statutes, article 3379, provides that "no stipulation in any contract requiring notice to be given of any claim for damages as a condition precedent to the right to sue thereon shall ever be valid unless such stipulation is reasonable, and any such stipulation fixing the time within which such notice shall be given at a less period than ninety days shall be void." There being no proof in the record as to what the Louisiana law is on this subject, under the rule in this State we must presume that the statute is the same there as here. Tempel v. Dodge, 89 Texas, 71, and cases cited. Hence the statute of Louisiana, where the contract was made, as well as that of Texas, where the company is alleged to have negligently delayed the delivery of the telegram, declares the stipulation void. We have held in the recent case of Armstrong v. Railway that this statute is not in violation of that clause of the Constitution of the United States which empowers Congress "to regulate commerce with foreign nations and among the several States and with the Indian tribes." Tel. Co. v. James, 162 U. S., 650. In Railway v. Sloan, 18 Supreme Court Reporter, 289, Solan, a shipper of cattle from Iowa to Illinois, while being transported under a drover's contract which contained a stipulation "that the company shall in no event be liable to the owner or person in charge of said stock for any injury to his person in any amount exceeding the sum of $500," being injured *in Iowa*, was allowed to recover $1000 notwithstanding such stipulation, on the ground that the statute of Iowa did not permit the company to limit its common law liability as a carrier of passengers by special contract. We apprehend that under the clear reasoning of the court the ruling must have been the same had the shipment been from Illinois to Iowa, the other facts being unchanged.

If so it seems to be direct authority for holding that under the Texas statute alone the stipulation requiring notice to be given in sixty days is void in so far as damages are claimed for negligent delay in the delivery of the message after it reached Beaumont.

Again, the statutes of Texas and Louisiana under consideration do not go as far as did the Iowa statute, in this, that the latter prohibited the making of *any contract* limiting the common law liability of the carrier, while the former only strikes down such as are *unreasonable* on the question as to the time within which notice shall be given, and declares that any "stipulation fixing the time within which such notice shall be given at a less period than ninety days shall be void," thereby in effect determining that such a stipulation is within the meaning of the act *unreasonable.* We see no reason why the Legislature of a State may not prohibit its courts from giving effect to *unreasonable* stipulations in contracts, nor why it may not go one step further, and, within just and reasonable bounds, declare certain stipulations unreasonable. It is to be presumed that the Legislature in enacting this statute investigated and in good faith determined that by requiring the notice to be given within less than ninety days many just claims would be defeated, and that no legitimate rights of the party liable for the damages would probably be imperiled if he were required to so frame his contract as to allow at least ninety days for giving the notice. We can not say that in so doing they have exceeded their power.

We are therefore of opinion that said assignment of error must be sustained, and that the Court of Civil Appeals were not authorized upon that ground to reverse or render judgment.

The second assignment is in effect that the Court of Civil Appeals "erred in its conclusion that the evidence in this case did not sustain the finding of the court that defendant was guilty of negligence in failing to deliver the message, in that it is an invasion of the province of the trial court before which the evidence was produced orally, and the finding should be conclusive." This assignment can not be sustained. The Court of Civil Appeals has the power to review and set aside the finding of the trial court or jury upon the facts. Choate v. Railway, 44 S. W. Rep., 69; 91 Texas, 406.

The third and last assignment is that the Court of Civil Appeals erred in rendering the judgment. We are of opinion that this assignment is well taken, because, (1) as we have seen, the stipulation in the contract was not valid, and (2) while the court, as stated above, had the power to review the finding of the trial court upon the question of negligence and to find the fact differently, such finding by it could only be made the basis of a reversal and remanding but not of a rendition of judgment. Choate v. Railway, supra. The Court of Civil Appeals having, however, found as a fact that there was no negligence, such finding is binding upon this court in so far as it becomes our duty to review the judgment below, and necessitates a reversal of the judgment as a matter of law upon the assignments of the company complaining of the judgment.

It is insisted however by the company, that under the rule announced in Joske v. Irvine we should render judgment on the ground that in legal contemplation there is not *any evidence* in the record from which a court or jury would be authorized to find negligence. In view of another trial we do not deem it proper to set out the circumstances in evidence in addition to those stated in the opinion of the Court of Civil Appeals, from which we have concluded that we can not so hold.

The judgment of the Court of Civil Appeals is affirmed in so far as it reversed the judgment below and reversed in so far as it rendered judgment, and the cause is remanded.

*Reversal of judgment affirmed. Rendition of judgment by Court of Civil Appeals reversed and cause remanded.*