### J. D. THOMAS v. HIRAM MORRISON.

No. 723. Decided December 12, 1898.

**1. Construction of Contract—Circumstances—Question of Fact.**

On the issue whether the written contract of an attorney bound him to defend a certain suit, the conclusion by the Court of Civil Appeals, in the light of all the circumstances surrounding its execution, that it did not so intend, must be sustained by the Supreme Court when the terms of the contract did not require a contrary construction as matter of law. (Pp. 332, 333.)

**2. Attorney and Client—Purchase of Outstanding Title—Election.**

A client whose attorney bought at sheriff's sale, without authority from him, an adverse title to the land of himself and his client involved in the litigation, may elect to treat the purchase as having been made for their joint benefit, but can not be required by the court to do so. (P. 333.)

**3. Jurisdiction of Supreme Court—Intention of Contract—Question of Fact.**

The intention of a contract between attorney and client, as to whether the fees provided for therein were intended as a substitute for fees previously agreed on for preceding services, such intention not being shown on the face of the contract as a matter of law, but determined by the courts below on conflicting testimony, is a question of fact over which the Supreme Court has no jurisdiction. (P. 333.)

4. **Practice in Court of Civil Appeals—Remanding Cause.**

The Court of Civil Appeals, on finding from the testimony that the parties had agreed on a fixed sum as compensation for services rendered by one to the other,—reversing the ruling of the trial court which had found that there was no agreement but awarded recovery for a less amount upon quantum meruit,—could not render judgment for the amount so found to have been agreed on, but should reverse and remand. Choate v. Railway, 91 Texas, 406. (P. 333.)

5. **Burden of Proof—Pleading.**

An attorney buying in, without authority, at sheriff's sale, an outstanding claim to land of his client, who refuses to accept the benefit and compensate him for the expense, has the burden of showing that he acquired title by his purchase in order to recover the land; and where his pleadings allege that the title was in his client and not in the defendant in execution, he can not recover the land upon the title so bought. (Pp. 333, 334.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Dallas County.

Georges sued Morrison for land, and Thomas, his attorney, having bought at sheriff's sale the title of George, the father and grantor of plaintiffs, for which Morrison refused to compensate him, intervened in his own behalf, asserting such purchase and also a part interest in the land as well as a money claim against Morrison for legal services. He appealed from the judgment, and it was reversed and judgment rendered by the Court of Civil Appeals as shown in the opinion. Thereupon both Thomas and Morrison obtained writs of error from the Supreme Court. See Morrison v. Lazarus, 90 Texas, 39, for previous litigation out of which grew the present controversy.

*J. D. Thomas*, plaintiff in error, in pro. per.—Appellant having with his own money procured title in his own name under the sheriff's sales to the land in suit, with a view to protect the title of Morrison, then engaged in the fraudulent effort to swindle appellant, went to the utmost limit of duty required of him, when he tendered his title to Morrison on condition of payment of cost to him, and after satisfaction of his interest. When Morrison refused such payment and satisfaction, and by his election compelled the court to discharge him from obligation to pay such charges, he thereby extinguishes his equitable right to have the title divested out of appellant and vested in himself. Mackay v. Martin, 26 Texas, 63; Satterthwaite v. Loomis, 81 Texas, 66-70; McLaury v. Miller, 64 Texas, 384; Dupree v. Estelle, 72 Texas, 576; Baker v. Humphrey, 101 U. S., 494; Story's Eq., sec. 64e; Week's Attorneys, secs. 258, 273, 274, 276, 277, 279; Smith v. Brotherline, 62 Pa. St., 461; Galbraith v. Elder, 8 Watts, 94; Brotherson v. Consalus, 26 How. Pr., 213; Perry on Trusts, secs. 129, 198, 202; Chaplin Ex., Trs. and Powers, sec. 194; Story on Agency, secs. 210, 211; 2 Pom. Eq., sec. 258; Underhill on Torts, 326, and note; Mech. on Agency, secs. 464, 466; Wade v. Pettibone, 11 Ohio, 61; Henry v. Raiman, 25 Pa. St., 354; Ward v. Brown, 87 Mo., 468; Cleavinger v. Reimar, 3 Watts and S., 486; Dodge v. Stevens, 94 N. Y., 215; Davis v. Smith, 43 Vt., 269; Hawley v. Cramer, 4 Cow., 717; Beardsley v. Root, 11 Johns., 464; Ford v. Harrington,

16 N. Y., 286; Insurance Co. v. Insurance Co., 20 Barb., 470; Van Horn v. Fonda, 5 Johns. Ch., 386; Weare v. Van Meter, 20 Am. Rep., 616; Eoff v. Irvine, 18 S. W. Rep., 908.

*I. R. Oeland* and *W. C. Kimbrough*, for plaintiff in error Morrison.— Where an attorney assumes by written contract to perform. certain services for his client, he can recover on the contract only upon his proving at least a substantial compliance with the contract. Arrington v. Sneed, 18 Texas, 140; Baird v. Ratcliff, 10 Texas, 81; 3 Am. and Eng. Enc. of Law, 428c, 425b, 332, 335, 429; Randolph v. Randolph, 34 Texas, 185; Waterbury v. City of Laredo, 68 Texas, 577; Austin v. Talk, 26 Texas, 130.

The contract of February 20, 1892, covered all the fees Thomas & Turney were to receive from Morrison by reason of their services in litigation for the property in controversy, and the written contract will not be allowed to be altered by parol evidence. Wooters v. Railway, 54 Texas, 294; Lott v. Kaiser, 61 Texas, 665, 672; Lynch v. Ortlieb, 70 Texas, 727, 730.

The court erred in holding that it was not Thomas & Turney's duty to defend this suit, while Morrison and Thomas & Turney construed the contract, and Thomas & Turney, without any denial or refusal, acquiesced in this construction of the contract and began the defense of the suit voluntarily under the contract; and the contract itself is capable of no construction other than the one placed on it by the parties. Railway v. Johnson, 74 Texas, 263; Hochstadter v. Sam, 83 Texas, 464.

The Court of Civil Appeals erred in reversing the judgment of the District Court giving Thomas $350 as reasonable attorney's fees, and in rendering judgment so as to give Thomas $1000 as attorney's fees. Choate v. Railway, 91 Texas, 406.

DENMAN, Associate Justice.—By deed executed February 20, 1892, reciting a consideration of $350 paid and the assumption by Morrison of certain attorney's fees due by George to Thomas & Turney, the amount of which had not been agreed upon, George conveyed the land in controversy to Morrison. Soon thereafter Morrison and Thomas & Turney entered into a written contract whereby the former agreed to convey to the latter one-fourth of the land and the net rents thereof pending the litigation concerning the title thereto, in consideration of certain legal services to be rendered by them in such litigation; and afterwards he added to said contract an agreement to give them an additional 1-24 for certain legal services, making in all 7-24. Before all the services contemplated by such written contract had been rendered by said attorneys, they and Morrison undertook to agree upon the amount of the fee by George and assumed by Morrison in said deed; but the trial court upon conflicting testimony found that they failed to agree. After all such services had been rendered, Thomas, who had purchased Turney's interest, demanded a settlement of Morrison, claiming $1000 as

*having been agreed upon as the fee due by George,* and also 7-24 of the land
and rents thereof. This demand was not acceded to by Morrison, who,
insisted that he had not agreed to pay either the $1000 or rents, but that
the 7-24 of the land was to include and settle the George fee assumed in.
said deed. Pending this controversy between Thomas and Morrison,.
George conveyed the land to his sons, plaintiffs herein, who brought this.
suit against Morrison to recover the land on the ground that said deed .
from George to Morrison was in fact a mortgage to secure certain in--
debtedness subsequently paid. Thomas answered for Morrison claiming
the land in reconvention, and prepared the cause for trial, but subse--
quently claiming that Morrison was acting in collusion with plaintiffs in-
order to allow their recovery for the purpose of depriving him of his said
fee, he procured a sale of the land under execution against George and
purchased same for the benefit of himself and Morrison, and in his plead-
ings as intervener herein set up all the facts and asked judgment for said
fee and for general relief.

Plaintiffs having failed to appear at the trial, and the cause having
been submitted to the court without a jury, judgment was rendered (1)
that Morrison recover the land from plaintiffs and that said deed from
George to them be canceled; (2) that Thomas recover from Morrison an.
undivided 7-24 interest in said land; and (3) that Thomas recover from
Morrison $511.50, which from the findings of fact made by the trial .
judge we understand to be $350 which he found to be the reasonable
value of the services rendered by Thomas & Turney to George and as-
sumed by Morrison in the deed from George to him, plus Thomas' share
of the net rents received from the property by Morrison. Thomas having
appealed from this judgment and Morrison having filed cross-assignments.
of error, the Court of Civil Appeals reversed that part of the judgment
of the trial court allowing Thomas a recovery of only $511.50 and in
lieu thereof gave him judgment for $1266.20, fixing same as a lien upon
Morrison's 17-24 of the land, said judgment being composed of the fol-
lowing amounts as we understand from the opinion of the court: $1000,
fee assumed by Morrison in said deed from George; $180.86, being 1-4
of net rents; and $85.34, being 17-24 of amount paid by Thomas for land
at said execution sale. From this judgment both Thomas and Morrison
have by separate applications brought the cause to this court upon writ
of error. This brief statement of the nature and result of the case will
be supplemented by some additional statements in disposing of the ques-
tions we deem it proper to discuss.

Morrison insists that there was error in allowing Thomas to recover
anything on said contracts, because they bound said attorneys to defend
this suit among others, and that he, by purchase of the title at sheriff's
sale and intervening asserting claim to all the land in his first petition,
had breached and abandoned his contracts. This contention is fully met
by the finding of the trial court that said contracts did not bind the at-
torneys to defend this suit. We can not say as a matter of law that the
court was not justified in the holding that said contracts, read in the

light of the circumstances surrounding their execution, did not contemplate or provide for a suit by George against Morrison.

Morrison also insists that the Court of Civil Appeals erred in adjudging that he should pay Thomas said $85.34 as part of the sum paid for the sheriff's deed, and Thomas concedes that such judgment can not be justified in law. The undisputed evidence in the case shows that Thomas bought at sheriff's sale without any authority from Morrison, and that after such purchase he offered in his pleadings to give him the benefit of the title so acquired upon his refunding said sum, and that he refused. Owing to the relations existing between Thomas and Morrison it may be true that the latter would have had the right to have elected to treat the purchase as having been made for their joint benefit, upon tendering his proportion of the purchase money or by offering to submit to a judgment fixing same as a lien upon his share of the land, but it is clear the court has no power to compel him to do so.

Morrison also contends that both courts erred in holding him indebted to Thomas in any sum other than the land and rents provided for in the written contracts, in that such contracts were intended to be a substitute for and in satisfaction of the fee due by George and assumed by Morrison in said deed from George to him. The contracts do not show such intention on their face as a matter of law, and both courts below having upon conflicting testimony found that no such intent existed in fact, the question must be considered as settled adversely to Morrison, this court having no jurisdiction of such question of fact.

Morrison also contends that, the trial court having found as a fact from conflicting testimony that he and the attorneys had failed to agree upon the amount of the fee due by George and assumed by Morrison, the Court of Civil Appeals, after finding therefrom that they had agreed on the sum of $1000, erred in rendering judgment for said sum. That they erred in so doing we consider settled by Choate v. Railway, 91 Texas, 406.

Thomas contends that both courts erred in not rendering judgment for him for all the land upon the ground that he acquired the title thereto by said purchase at sheriff's sale, and Morrison declines to accept the purchase as having been made for their joint benefit and pay his proportion of the costs of same. In order to sustain this assignment, it must appear from the record that Thomas acquired the title to the land by such purchase. As above shown, the petition alleged that the deed from George, the common source, to Morrison was in fact a mortgage. Morrison answered, denying this fact, and asking against plaintiffs a judgment for the land as well as a cancellation of the subsequent deed made by George to them. The intervener Thomas in his original petition claims that said deed from George to Morrison was intended as a trust in favor of Thomas & Turney. In his amended petition upon which the cause went to trial he abandons this position and sets up the contracts above referred to, in which Morrison agreed to pay the fee due by George and subsequently agreed to convey the 7-24 of the land,

and asks for judgment against Morrison for said fee, for said interest in the lands and rents thereof, but he nowhere asserts that said deed from George to Morrison did not in fact convey George's title. There is no finding by the trial court to the effect that any title remained in George after the execution of said deed to Morrison, but on the contrary the judgment of the trial court is an affirmance of the effectiveness of said deed as a conveyance of the title, for it adjudges to Morrison the land as against the plaintiffs on his plea in reconvention and then proceeds to adjudge in favor of Thomas on his plea of intervention, said assumed fee, 7-24 of the land, and rents as against Morrison. From this brief statement it appears that Thomas, upon whom the burden rested of showing that he acquired the title by the purchase at sheriff's sale against George, does not allege or show that there was any title in George subject to execution at the time he purchased at such sale, and therefore does not show that he acquired any title thereby. It results that the court did not err in refusing to give him judgment for the entire land.

This brings us to the question as to what disposition should be made of the case. From what has been said above, it follows that the judgment of the Court of Civil Appeals in so far as it renders judgment against Morrison for the $85.34 must be set aside and that of the District Court, allowing him nothing upon that claim, must be affirmed, and in so far as the judgment of the Court of Civil Appeals adjudges that Morrison shall pay Thomas $1000 it is set aside, and since the finding of fact by the Court of Civil Appeals strikes out and does not include the finding of the lower court as to the reasonable value of the George fee, there is no finding before us upon which we can render a judgment for same, and therefore the judgment of the Court of Civil Appeals reversing the judgment of the District Court for such fee must be affirmed, and the cause will be remanded for the sole purpose of determining the amount thereof, with instructions to the court below to determine (1) whether the parties agreed upon such fee, and if so to render judgment in favor of Thomas for the amount so fixed, and (2) if not, then to determine the reasonable value of such fee and to render judgment in favor of Thomas therefor, in either event fixing and foreclosing the same as a lien upon Morrison's 17-24 interest in the land, and that the judgment of the trial court and Court of Civil Appeals in so far as it adjudicates to Thomas 7-24 and to Morrison 17-24 of the land be affirmed, and that in all other respects the judgment of the Court of Civil Appeals be affirmed.

*Affirmed in part, and in part reversed and remanded.*