## Fort Dearborn National Bank v. George Berrott.

### Decided May 9, 1900.

**1. Promissory Note of Firm—Denial by One Partner—Burden of Proof.**

Prima facie the execution of a negotiable note in the name of a firm by one partner binds each member, and the burden of proving a lack of authority on the part of the partner who executed it devolves upon the copartner who denies that it was executed with his knowledge or consent, or in pursuance of the firm business.

**2. Same—Accommodation Note by Firm—Notice to Assignee.**

One partner is not liable to a bank on an accommodation firm note executed by his copartner to another firm without his knowledge or consent, if the bank, in taking it from such other firm before maturity, had knowledge or was chargeable with notice of the consideration of the note.

**3. Same—Same.**

Where an accommodation note is executed by one mercantile firm to another, and by the latter assigned to a bank as collateral, before maturity, the bank is not, in the absence of actual knowledge or notice, charged with notice of want of consideration, and the member of the firm of makers can not set up against the bank that the note was executed without his knowledge or consent and without consideration to the firm.

**4. Same—Assignment—Written Indorsement Not Requisite.**

The rule of the law merchant, that a negotiable note, payable to order, can be transferred before maturity only by written indorsement, does not prevail in Texas, since article 307, Revised Statutes, provides that "when a negotiable instrument has been assigned to a person before its maturity, for a valuable consideration, without notice of any discount or defense against it, then he shall be compelled to allow only just discounts against himself," and the mode of assignment not being prescribed by the statute, it is held here that the form of the transfer, whether written or verbal, is immaterial.

**5. Same—Issue as to Consideration Paid Is for the Jury.**

Where there was conflicting evidence as to whether a negotiable note was assigned to a holder thereof for value, or was merely left with him for safe keeping, the court should have submitted the issue thus made to the jury, instead of instructing a verdict against the holder.

**6. Same—Assignment—Law of Another State—Presumption.**

In an action on a note assigned in another State, it will be presumed, in the absence of proof, that the law of such other State governing the assignment of notes is the same as that of Texas, although the rule as to assignments under the law merchant has been changed by statute here.

APPEAL from El Paso.   Tried below before Hon. A. M. WALTHALL.

*W. B. Brack,* for appellant.

*Beall & Kemp,* for appellee.

FLY, ASSOCIATE JUSTICE.—Appellant instituted suit against George Berrott and Ben Schuster, doing business under the firm name of Berrott & Schuster. The suit was subsequently dismissed as to Schuster. Berrott pleaded non est factum, and that the note was executed by Ben Schuster without his knowledge or consent, and was not executed for any debt due by Berrott or his firm, and that said note was indorsed to appellant after its maturity. The cause was tried by jury, and a verdict was instructed for appellee.

It was proved that George Berrott and Benjamin Schuster composed the firm of Berrott & Schuster, and that Benjamin Schuster and Bernard Schuster composed the firm of B. Schuster & Co. The firm of Berrott & Schuster were wholesale liquor dealers, and the firm of B. Schuster & Co. were wholesale grocers, both firms doing business in El Paso. The note sued on was executed by Ben Schuster without the knowledge or consent of appellee, and was payable to the order of B. Schuster & Co. in the sum of $3000. It was executed May 1, 1888, and was payable four months after date. The note was placed in the hands of appellant in the latter part of May, 1888, either as a collateral or discount to protect the checks of B. Schuster & Co., or merely for safe-keeping. The firm of Berrott & Schuster was not indebted to B. Schuster & Co. in any sum, and they never at any time had any business transactions of any kind with each other. The note when delivered to appellant was not indorsed, and it was never indorsed until March, 1889, about six months after maturity, when it was indorsed by Ben Schuster in the name of B. Schuster & Co. Appellee had no connection whatever with the firm of B. Schuster & Co., and did not know that the note was in existence until this suit was instituted in September, 1889.

Prima facie the execution of a bill or note in the name of the firm by one partner binds the whole, and the burden of proving a lack of authority upon the part of the partner who executed the negotiable instrument devolved upon the copartner. Powell v. Messer, 18 Texas, 401; Fore v. Hitson, 70 Texas, 513.

The note having been given for a consideration not connected with the partnership business of the firm of which appellee was a member, appellee was not liable, if appellant had knowledge, or was charged with knowledge, of the consideration. Burleigh v. Parton, 21 Texas, 585; Green v. Waco Bank, 78 Texas, 2.

The note having been executed to B. Schuster & Co., by Berrott & Schuster, appellant was not charged by the note itself, and perhaps not by the circumstances of the transaction, with knowledge of the lack of authority of appellant to execute the note, as it would have been had the note been executed to it by Berrott & Schuster to secure a debt due B. Schuster & Co. Not being charged with such knowledge, if the note was assigned to it before maturity, it would occupy the position of a bona fide holder for value, and appellee would not be permitted to set up his equities against the note. Rev. Stats., art. 307.

The proper and only complete way of transferring negotiable paper, payable to order, under the law merchant, is by indorsement. Tied. Com. Pap., secs. 246, 257. And where an indorsement of negotiable paper, payable to order, is made after maturity, it will not relate back, although the paper may have been actually transferred before maturity, and it will be subject to equities, even though sold to a bona fide purchaser. Randolph Com. Pap., sec. 687; Bank v. Taylor, 100 Mass., 18. But this is not the law in Texas, for it is provided in article 307, Revised Statutes, that when a negotiable instrument has been assigned to a person before its maturity, for a valuable consideration, without notice of any discount or defense against it, then he shall be compelled to allow only just discounts against himself. The mode of assignment is not prescribed in the statute, and in the case of Word v. Elwood, 90 Texas, 130, it was held that an instrument is assigned within the meaning of this statute when it is transferred from one to another. The form of the transfer, and whether written or verbal, is immaterial. The statute extends its protection to all assignees coming within its terms, though they may not have acquired their instruments in accordance with the technical rules regulating transfers under the law merchant.

On the question of the transfer of the note the evidence was conflicting, witnesses for appellant swearing that the assignment was made, and that B. Schuster & Co. were given credit for it, while B. Schuster swore that it was merely left with appellant for safekeeping. This testimony raised a question of fact that should have been submitted to the jury.

It may be suggested that the assignment having been made in another State, the law of Texas would not be applicable, but should there be any force in this suggestion, in the absence of proof on the subject, the presumption would prevail that the law in that State is the same as that of Texas. Tempel v. Dodge, 89 Texas, 68; Burgess v. Telegraph Co., 92 Texas, 125.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Neill, Associate Justice, did not sit in this case.