FORD v. JOHNSTON et al.  (No. 1551.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 20, 1916.)

1. BILLS AND NOTES ☞209—ORAL ASSIGNMENTS—RIGHT OF ASSIGNEE TO SUE.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 582, providing that any person to whom a negotiable instrument may have been assigned may maintain any action in his own name which the original obligee or payee might have brought, a verbal assignment of a note entitled the assignee to sue thereon.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 423, 425–427, 497, 498, 501; Dec. Dig. ☞209.]

2. BILLS AND NOTES ☞540—ACTIONS—JUDGMENT — CONFORMITY TO PLEADINGS AND PROOF.

Where plaintiff, suing on a note payable to the order of J., alleged and proved that the note was made payable to J., his agent, instead of to himself as the result of a mutual mistake on the part of defendant and the agent, defendant's contention that the judgment was erroneous, because it did not appear from the pleadings and proof that the note had been transferred by J. to plaintiff, and that plaintiff had acquired it bona fide and for value, was untenable.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1918–1934; Dec. Dig. ☞540.]

3. ATTACHMENT ☞232—ABATEMENT—FALSITY OF GROUNDS STATED.

Where the allegations in the affidavit for an attachment, if true, entitled plaintiff to the writ, the fact that they were not true did not entitle defendant to the abatement of the writ, though it might have entitled him to damages on the injunction bond.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 796, 797, 803; Dec. Dig. ☞232.]

Appeal from Bowie County Court; Lee Tidwell, Judge.

Action by Edward Johnston against C. E. Ford and another. From a judgment for plaintiff, the defendant named appeals. Affirmed.

See, also, 164 S. W. 424.

By his suit commenced in a justice court, appellee Edward Johnston sought a recovery against appellant on the latter's promissory note dated January 21, 1911, for $75, interest and attorney's fees, payable, by its terms, on or before January 15, 1911, to the order of John Johnston, and a foreclosure of the lien of a mortgage on certain live stock, also dated January 21, 1911, given by appellant to secure the payment of a note described therein as dated said January 21, 1911, and as payable November 15, 1911. Said appellee also sought a recovery against the appellee J. C. Parish of the value of the live stock mortgaged to him as stated above, on the ground that Parish purchased same of appellant with notice of the fact that it had been so mortgaged. The appeal is by appellant Ford alone from a judgment rendered by the county court, to which an appeal of the cause was prosecuted, in favor of Edward Johnston against appellant for $113.32, the amount of the principal, interest, and attorney's fees stipulated for in the note, and foreclosing the lien of said mortgage, and also the lien of a writ of attachment levied upon certain cotton belonging to appellant at the instance of said Edward Johnston, and in favor of said Edward Johnston against appellee Parish for $60 as the value of the live stock covered by the mortgage and purchased by him of appellant.

J. W. Hillman, of Texarkana, for appellant. Turner, Graham & Smitha, of Texarkana, for appellees.

WILLSON, C. J. (after stating the facts as above). [1, 2] We are of opinion there is no error in the judgment. It is attacked on the ground, mainly, that it did not appear from the pleadings and the testimony that the note had been transferred by John Johnston, the payee named therein, to appellee Edward Johnston, and that the latter had acquired it bona fide and for value. In view of the pleadings on the part of appellant, had the suit been by Edward Johnston as the transferee of the note, it would have been immaterial to his right to recover on it whether he acquired it bona fide and for value or not. Nor would it have been necessary for him to have known that the assignment to him was evidenced by a written instrument of any kind or by an indorsement on the note. A verbal assignment thereof would have entitled him to sue on the note. Article 582, Vernon's Statutes; Bank v. Berrott, 23 Tex. Civ. App. 662, 57 S. W. 340; Word v. Elwood, 90 Tex. 130, 37 S. W. 414; O'Connell v. Rugely, 48 Tex. Civ. App. 456, 107 S. W. 151. But the suit was not by appellee Johnston as an assignee. He claimed a right to recover on the note as the payee, and alleged and proved that it was made payable to the order of John Johnston, his father, instead of to himself, and on January 15, 1911, instead of November 15, 1911, as the result of a mutual mistake on the part of his agent,

said John Johnston, and appellant. The nature of the suit being as stated, the contentions of appellant based on its being of a different nature are untenable and must be overruled.

[3] The contentions based on the action of the court below in overruling appellant's motion to abate the writ of attachment cannot be sustained. The allegations in the affidavit, if true, entitled appellee Johnston to the writ. If they were not true, the fact that they were not might have entitled appellant to damages, but did not entitle him to judgment abating the writ. Dwyer v. Testard, 65 Tex. 432. For, as said by the Supreme Court in the case cited:

"The validity of the writ depends, not upon the truth of the facts stated in the affidavit, but upon the fact that they are so stated. The bond protects the defendant. The injury done him is compensated in the damage he recovers. The plaintiff, in the terms prescribed by law, in the bond, has contracted with the defendant for his remedy. * * * Ever since the decision of Cloud v. Smith, 1 Tex. 611, it has been the practice to give the plaintiff the benefit of his lien, and leave the defendant to his remedy on the bond."

Whether appellant was entitled to an abatement of the writ on proof that the sureties on the bond did not own property subject to execution sufficient to satisfy it, or not, need not be determined, as such proof was not made. On the contrary, the testimony heard on that issue was sufficient to support a finding that they did own enough of such property to make them "good and sufficient sureties" within the meaning of the statute.

The judgment is affirmed.