## WHITE et al. v. HOUSTON.
### No. 3448.

Court of Civil Appeals of Texas. El Paso.

Dec. 3, 1936.

Rehearing Denied April 1, 1937.

Sam McCollum, of Brady, and Carl Runge, of Mason (Turney, Burges, Culwell & Pollard, of El Paso, on the brief), for appellants.

John B. Littler and Sullivan & Sullivan, all of Big Spring, for appellee.

HIGGINS, Justice (after stating the case as above).

The briefs present no point in behalf of the executrix and·as to her the judgment is manifestly correct.

█ The assignment complaining of the overruling of the plea of privilege need not be separately considered. The notes were payable in Martin county, and the venue was properly laid in that county, if the notes were valid obligations of the firm of White & Tom.

The same is true of the assignment relating to the appellants' cross-action for such cross-action is without merit, if the notes sued upon are valid obligations of the partnership.

█ The evidence abundantly supports the view the partnership was a trading one requiring large sums of money. 1 Bates, Partnership, § 327; Randall v. Merideth, 76 Tex. 669, 683, 13 S.W. 576.

█ The authority of a partner to borrow money and pledge the credit of a trading partnership and execute ˙ negotiable

paper in the firm name to cover such loans is implied. 32 Tex.Jur. Partnership, § 67; 47 C.J. Partnership, §§ 339 and 340; Phillips v. Stanzell (Tex.Civ.App.) 28 S.W. 900.

This implication is strong with respect to the authority of the managing partner of a trading partnership business as the record shows Tom to have been.

 Prima facie the note of such a partnership executed in the firm name by the managing partner is presumed to be within the scope of the partnership business and binds the partnership. The burden of showing the contrary rests upon the partnership. 32 Tex.Jur. Partnership, § 70; 47 C.J. Partnership, §§ 537, 538; Phillips v. Stanzell, supra; Ft. Dearborn Nat. Bank v. Berrott, 23 Tex.Civ.App. 662, 57 S.W. 340.

A limitation upon the authority of such a partner to borrow money and execute the note of the partnership therefor is ineffective against one who so deals with the partner without notice of such limitation. 32 Tex.Jur. Partnership, § 62; Dobie v. Southern Trading Co. (Tex.Civ.App.) 193 S.W. 195.

[6] One loaning money to a partnership is under no obligation to see that the partner to whom the money is paid does not apply it to such partner's personal use or otherwise misapply the same. Smith v. Overton (Tex.Civ.App.) 295 S.W. 702; Miller v. McCord (Tex.Civ.App.) 159 S.W. 159.

The rules of law stated above are all well settled and, as applied to the facts of this case, clearly show the correct judgment was rendered.

Tom had implied authority to borrow for and in the name of the partnership and to execute the firm's notes therefor. The notes were executed in the partnership name, and the evidence is insufficient to rebut the presumption of partnership liability thus arising. We doubt if the evidence raises an issue in that respect. The evidence is sufficient to show Houston intended to loan the money to the partnership and upon its credit. The fact that four of the checks were payable to Tom is of but slight, if any, probative force. If cash had been delivered, it must have been to one of the partners.

There is no evidence that Houston knew, or had any reason to believe, Tom intended to apply the money to his own personal use. The mere fact that Houston was an officer of the bank in which the deposits were made to Tom's personal account does not, as a matter of law, charge Houston with knowledge of intention by Tom, at the times the loans were made, to misapply the money. Indeed, it may be doubted if there was any such wrongful intent upon Tom's part in view of the evidence that Tom at times paid partnership obligations by checks against his personal account.

There is no error in the judgment. It is affirmed.