## HAVINS et al. v. DALLAS RY. & TERMINAL CO.

No. 12728.

Court of Civil Appeals of Texas. Dallas.

May 13, 1939.

Rehearing Denied June 24, 1939.

Ely Straus, of Dallas, for appellants.

Burford, Ryburn, Hincks & Charlton and W. M. Taylor, Jr., all of Dallas, for appellee.

BOND, Chief Justice.

The jury convicted appellee, in many respects, of negligence, at a street intersection in Dallas, Texas, proximately causing a collision between its street car and appellants' truck, resulting in appellants' damage. It also convicted appellants of contributory negligence, proximately causing the collision and damage, in that, appellant, Felton Havins, drove the truck in question upon the car track after the street car had started across the intersection, in violation of Section 90(b) of Ordinance 2808 of the City of Dallas, which reads as follows: "When a street car has started to cross an intersection, no driver of a vehicle shall drive upon or across the car tracks within the intersection in front of the street car."

On the findings of the jury, the court entered judgment in favor of appellee. The crux of the appeal is the findings of contributory negligence as a bar to appellants' cause of action.

Section 90(b) of Ordinance 2808, supra, shows on its face that it is a traffic ordinance, a remedial statute passed for the protection of the public, and is sufficient to impose a civil duty upon motorists attempting to cross a street car track; and, Dallas being a Home-Ruled City, is given the power "to license, operate and control the operation of all character of vehicles using the public streets, including motorcycles, automobiles or like vehicles, and to

prescribe the speed of the same, the qualification of the operators of same, and the lighting of the same by night and to provide for the giving bond or other security for the operation of the same." Art. 1175(20), R.C.S. (1925). Being a traffic regulation, the ordinance is susceptible to a reasonable understanding, giving right of way to a street car starting to cross a street intersection, and compelling one coming to the intersection to yield the right of way to the street car, and stop before. entering upon or crossing the track ahead of the approaching street car. The consideration of safety and the welfare of the public affect the reasonableness of the ordinance and clearly bring it within the purview of powers granted to such cities. Violation of its terms renders the guilty negligent per se. Therefore, the truck operator having been found guilty of violation of this ordinance, proximately causing the collision and resultant damage, the trial court, on the findings of the jury, was warranted in sustaining the defendant's motion for judgment.

█ Aside from the violation of the ordinance rendering appellants' negligence per se, we think the evidence discloses that the driver of the truck was negligent, irrespective of legal effects of such violation. According to the truck driver's version of the collision, he saw the approaching street car when it was about one yard from the intersecting line of the two streets; and, that the operator of the street car gathered speed as he neared the intersection and did not seem to apply the brakes; that he was going 15 miles per hour and slowed down as he neared the intersection; that he saw the street car but did not have time to stop; that he applied the brakes; that he was almost on the street car track at the time he saw the street car and that he turned to the right, or south. The uncontradicted testimony shows that there was an unobstructed view of the car track for more than a half block in the direction from which the street car was coming to the intersection, and that the truck operator exercised no precaution whatever for his own safety in approaching the intersection. He was driving at less than 15 miles per hour as his truck entered the intersection, and, at that time, saw the street car as it also entered the intersection; thus, we think, it became his duty to stop or slacken his speed to enable the street car, which had the right of way, to pass. The jury's finding, that the action of the truck operator

in going upon the car track in violation of law was the proximate cause of the collision, bars appellants' recovery.

We have carefully considered all assignments of error; they are overruled, and judgment of the trial court is affirmed.

Affirmed.

### On Rehearing.

The contention is made by appellants, that there is an irreconcilable conflict in the findings of the jury; in that, the jury found (1), Felton Havins, the driver of the truck, had entered the intersection of the streets ahead and to the right of the street car, thus, under art. IV, sec. 58a, Ordinance 2802, of the City of Dallas, reading: "The driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection from a different highway"; was a finding, in effect, that it was the duty of the operator of the street car to stop and allow the truck operator to have the right-of-way in passing; and (2), the jury found that, Felton Havins drove the truck upon the track in front of the street car, after the street car had started to cross the intersection, in violation of section 90(b), Ordinance 2808, of the City of Dallas, reading: "When a street car has started to cross an intersection, no driver of a vehicle shall drive upon or cross the car tracks within the intersection in front of the street car." In other words, the contention is made that the jury found, in effect, that Felton Havins was not guilty of violating the terms of article IV, section 58a, Ordinance 2802, and that he was guilty of violating Section 90 (b), Ordinance 2808, thus, the conflict. The contention can only be sustained on the theory of conflict in the ordinances as affecting traffic regulation, and not on conflict in the findings of the jury.

█ It is conceded by appellants, in briefs and motion, that both ordinances were pleaded as elements of contributory negligence on the part of the driver of the truck. Ordinance 2802, deals with operators of vehicles generally. "Vehicles" is a general term, having application to all kinds of contrivances fitted with wheels or runners for carrying something; indeed, broad enough to include street cars on tracks. Ordinance 2808 deals specifically with operators of street cars approaching intersections. Obviously, the general ordinance (2802) gives the right-of-way at intersections to operators of vehicles who

first enter the intersection; while the special ordinance (2808) gives the right-of-way to street cars, requiring operators of other vehicles to yield the right-of-way. Special statutes take precedence over general laws, as affecting the course and conduct of things and persons. When Felton Havins entered the intersection ahead of the street car, as found by the jury, such did not authorize him, in violation of the special statute, to go upon the car track, after seeing the street car had started across the intersection. An acquittal of a violation of Ordinance 2802 would not imperil a prosecution, or conviction, of a violation of Ordinance 2808. The operator of the street car in question, under the terms of Ordinance 2808, had a right to assume that the operator of appellants' vehicle, approaching the track from a different highway, and who, in fact, had entered the intersection, would not violate the terms of the ordinance by going upon the track ahead of the approaching street car.

■ We think, there is neither a conflict in the above ordinances nor in the findings of the jury relating thereto. Appellants' truck operator saw the approaching street car within a few feet of the intersection, just as he entered the intersection, thus it became his duty to yield the right-of-way; and, the jury having found that he was guilty of a violation of the traffic ordinance, negligence per se, appellants cannot recover. Appellants' motion for rehearing is overruled.

Motion overruled.

LOONEY, J., dissents.

LOONEY, Justice (dissenting on rehearing).

On original submission, the judgment of the trial court was affirmed, but the case is still pending on appellants' motion for rehearing. I have reached the conclusion that the Court erred in affirming the judgment; the majority, however, adheres to the original decision, so, I will briefly state the reasons upon which my dissent is based.

In order that my position may be better understood, I will give a fuller statement of the case than appears in the original opinion, which is now the majority opinion. The appellants, Felton Havins, a minor sixteen years of age, by and through his father and next friend, D. J. Havins, and D. J. Havins, in his own behalf, brought this suit against Dallas Railway and Terminal Company, alleging in substance that the minor, Felton Havins, was driving a small truck in an easterly direction across the intersection of what is known as Myrtle and Carpenter Streets in the City of Dallas, when suddenly, and without warning, a street car belonging to appellee, driven rapidly by one of its agents, servants, etc., in a southerly direction, was propelled against the truck while it was in the intersection, causing the minor, Felton Havins, to be thrown therefrom into the street and inflicting upon him serious injuries, injuring the truck, etc., and causing damages, for the recovery of which the father brought the suit on behalf of his son and in his own behalf. The grounds of negligence and contributory negligence, as plead by the parties, respectively, are satisfactorily revealed by the findings of the jury, as follows: They found appellee guilty of actionable negligence in the following respects, that is, that, immediately prior to the collision between the street car and the truck, the operator of the street car failed to slow down the speed; failed to apply the brakes; drove the street car in excess of a rate of speed that a person of ordinary prudence would have observed under the same or similar circumstances, and failed to give warning of the approach of the street car by sounding a bell; then acquitted the driver of the truck of contributory negligence in the following respects, that is, that he did not fail to keep a lookout for the street car; did not operate the truck at a greater speed than a person of ordinary prudence would have observed under the same or similar circumstances; did not fail to have the truck under control as he approached the street intersection; that his failure to turn to the left on discovering the presence of the street car was not negligence; was not negligent in driving a truck equipped with defective brakes; did not fail to swerve his truck to the right, and did not drive the truck in excess of twenty miles per hour. Also, found in response to an indirect submission (Special Issue 37) that, the street car did not enter the intersection prior to the time the driver of the truck entered, thus finding by indirection that the driver of the truck entered the intersection first. The jury also found the amount of damages to which each of the appellants was entitled, so that, in view of these sweeping findings, appellants were entitled to judgment, unless defeated for the reason stated in the original opinion by Mr. BOND, Chief Justice. He said: "The jury

convicted appellee, in many respects, of negligence, at a street intersection in Dallas, Texas, proximately causing a collision between its street car and appellants' truck, resulting in appellants' damage. It also convicted appellants of contributory negligence, proximately causing the collision and damage, in that, appellant, Felton Havins, drove the truck in question upon the car track after the street car had started across the intersection, in violation of Section 90(b) of Ordinance 2808 of the City of Dallas, which reads as follows: 'When a street car has started to cross an intersection, no driver of a vehicle shall drive upon or across the car tracks within the intersection in front of the street car.'" And again, in the concluding paragraph of the majority opinion, it is said that "The jury's finding that the action of the truck operator in going upon the car track in violation of law, was the proximate cause of the collision, bars appellants' recovery."

My dissent is based upon two grounds: (a) That, the issue of contributory negligence, upon which judgment was rendered for appellee and affirmed by the majority, although submitted and found by the jury in favor of appellee, was not plead as a defense, hence, the judgment based thereon does not conform to the pleadings. (b) However, if, in this, I am in error, nevertheless, I think the finding upon which the judgment for appellee was based and affirmed by this Court, is in irreconcilable conflict with other findings, rendering it impossible to base judgment thereon.

After alleging twelve distinct grounds of contributory negligence, presenting issues of fact (all submitted were found in favor of appellants), appellee set up an additional ground of contributory negligence based upon a city ordinance. The plea, which reproduces the pertinent provisions of the ordinance, is as follows: "Further answering defendant says that at the time and place in question there was in full force and effect, within the City of Dallas where such collision occurred, a certain ordinance governing vehicular and pedestrian traffic, said ordinance being duly passed by the properly constituted authorities on or about June 2, 1936, and which ordinance contained, among others, the following provisions: 'Section 58—Vehicles Approaching or Entering Intersections. (a) The driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection from a different highway. Section 90(b) When a street car has started to cross an intersection, no driver of a vehicle shall drive upon or across the car tracks within the intersection in front of the street car.' * * * Said ordinances are criminal ordinances of the City of Dallas, and for a violation thereof a penalty is provided, and a violation thereof constitutes and constituted negligence per se, and defendant says that plaintiff, Felton Havins, violated such ordinances, and the provisions thereof, in that he drove his truck into such street intersection from the west on Carpenter Street after the street car had already entered upon said street from the north on Myrtle Street, and after said street car had practically crossed said street, and that therefore plaintiffs violated such ordinance, and failed to yield the right-of-way to the street car, as required by law, and therefore were guilty of negligence per se, which negligence proximately caused the collision and any resulting injuries and damages." It is obvious from a reading of this plea that appellee based its ground of contributory negligence upon the alleged violation of Section 58, and not upon a violation of Section 90, as discussed in the majority opinion. As these ordinances define distinct offenses, it cannot be insisted that the violation of one is tantamount to the violation of the other. That is precisely the situation presented. Answering Special Issue 37, the jury, in effect, found that Felton Havins did not violate Section 58, which provides that, "The driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection from a different highway", therefore, acquitted him of negligence, based upon the ordinance in the respect as plead. There being no specification that Felton Havins violated Sec. 90, there existed no pleading authorizing the submission of an issue under that Section. This being disclosed by the record, fundamental error is apparent, as a judgment must conform to the pleadings as well as to the evidence and verdict of the jury. (Art. 2211, R.C. S., Vernon's Ann.Civ.St. art. 2211). Therefore, as there was no pleading authorizing the submission of Special Issues Nos. 39 and 40, the answers of the jury thereto should not be considered for any purpose. So, I am of opinion that judgment should have been rendered for appellants upon the fact findings in their favor, heretofore set out.

But, even if the conclusion just stated is erroneous, I think a mistrial should have been declared, because the findings of the jury are in irreconcilable conflict. As before shown, this ground of contributory negligence, was the alleged violation of Sec. 58 of the city ordinances, regulating vehicles approaching and entering intersections, reading as follows: "The driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection from a different highway". The issue based upon this ordinance, was submitted, as before stated, in an indirect manner in Special Issue No. 37, and accordingly, as submitted, was answered indirectly, but, in substance and effect that, Felton Havins, driver of the truck, entered the intersection prior to the time the street car entered. Therefore, under the very terms of the ordinance, it became the duty of the operator of the street car to yield the right of way to the truck, which necessarily included the right to pass through the intersection and over the street car track. Although, in answer to Special Issue No. 39, the jury found that, the street car had started across the intersection (which, as found by the jury, was after the truck had entered) prior to the time Felton Havins drove upon the track, and in answer to Issue 40, found that same was a proximate cause, yet, I do not think it can be correctly said that, the driver of the truck was guilty of negligence per se, in attempting to do an act that, under the ordinance, he had the right to do; although, in attempting to exercise his prior right to pass through the intersection, he may have been guilty of negligence at common law in making the attempt at the time and under the circumstances, but that issue was neither plead nor submitted.

The two ordinances are in pari materia, and should be construed together and each given its wonted scope. I think they may be so construed as to operate harmoniously; that is, where the street car enters the intersection first, and is given the prior right of passage through the intersection, as provided in Sec. 58, it would be a penal offense and negligence per se for the driver of a vehicle to undertake to cross the street car tracks in front of the street car, as provided in Sec. 90. As thus construed, I think the findings of the jury on the issues of contributory negligence, based upon these ordinances, are irreconcilably conflicting,

hence, a mistrial should have been declared.

In addition to the conclusion reached, that the driver of the truck was guilty of negligence per se, the majority also convicted him of negligence at common law. The opinion states, "Aside from the violation of the ordinance rendering appellants' negligence per se, we think the evidence discloses that the driver of the truck was negligent, irrespective of legal effects of such violation." This statement is followed by a discussion of the facts, concluding: "* * * thus, we think, it became his [the truck driver's] duty to stop or slacken his speed to enable the street car, which had the right of way, to pass". I have just shown that, under the findings of the jury, the street car did not have the prior right, but that, entering first, the truck, under the terms of the ordinance, was given the prior right of passage through the intersection. However that may be, the conclusion reached by the majority on the facts, whether correct or not, is merely dictum and could not properly form the basis of judgment. The fact issues, including the matters mentioned in the discussion by the majority in reaching the conclusion just stated, were, in effect, submitted to the jury in different special issues, and found in favor of appellants. So, I do not think this Court is authorized to ignore or set aside fact findings of the jury, based upon conflicting evidence, and substitute therefor other findings, as appellants are entitled to a jury trial on all controverted fact issues. See Choate v. San Antonio & A. P. R. Co., 91 Tex. 406, 44 S.W. 69; Burgess v. Western Union Tel. Co., 92 Tex. 125, 128, 46 S.W. 794, 71 Am.St.Rep. 833; Thomas v. Morrison, 92 Tex. 329, 333, 48 S.W. 500.

For the reasons stated, I am of opinion that, the majority erred in affirming the judgment of the court below, that appellants' motion for rehearing should have been granted and the former judgment of this Court set aside, the judgment of the trial court reversed, and, based upon the findings of the jury as before shown, that judgment should have been here rendered for appellants for the amounts, in favor of each, respectively, as found by the jury; or else, that a mistrial should have been declared, because of an irreconcilable conflict in the findings of the jury, as construed by the court below and by the majority of this Court.