## F. B. CHOATE v. SAN ANTONIO & ARANSAS PASS RAILWAY COMPANY.

### Application No. 1678.—Decided January 24, 1898.

**1.  Questions of Law and of Fact.**

Whether there be any evidence or not, to support an issue, is a question of law, and not of fact; and the decision of the Court of Civil Appeals upon such a question is subject to review by the Supreme Court. (P. 409.)

**2.  Same—Jurisdiction of Court of Civil Appeals.**

The law making the judgment of the Court of Civil Appeals conclusive upon the facts of the case (Const., art. 5, sec. 6, amendment, and Rev. Stats., art. 996), gives to that court, in cases of controverted facts, only power to reverse and remand judgments against such preponderance of the evidence as in their opinion to justify that action,—the same power which was formerly possessed by the Supreme Court,—and not to set aside the verdict of a jury and substitute their finding therefor. (Const., art. 1, sec. 15.) (Pp. 409 to 410.)

**3.  Same—Jurisdiction of Supreme Court.**

The reversal of a judgment for insufficiency of proof, without directing a verdict thereon upon another trial, though alleged to substantially settle the case, can not be reviewed by the Supreme Court.  See case held not to be within the jurisdiction of that court under this rule. (P. 410.)

APPLICATION for writ of error to the Court of Civil Appeals for the Fourth District, in an appeal from Karnes County.

This was an action by Choate to recover from the railway company for personal injuries received while a passenger.  A former recovery by plaintiff was reversed by the Court of Civil Appeals.  35 S. W. Rep., 180.  The case, on writ of error in the Supreme Court, is reported in 90 Texas, 82, where a statement of the evidence is given.  Plaintiff having again recovered judgment—the fourth in the trial court—it was reversed on defendant's appeal.  Plaintiff then made this application for writ of error, alleging:

"That the judgment of the Court of Civil Appeals, in reversing the judgment of the court below and remanding the case for a new trial, practically settles this case, as the testimony on another trial, should this case be tried again, will be practically the same as on the last trial.

"That the practical effect of the judgment of the Court of Civil Appeals in reversing and remanding this case is to overrule the decision of the Supreme Court which was delivered on a motion for rehearing filed before said court by plaintiff in error when this case was before this court."  90 Texas, 88.

The opinion of the Court of Civil Appeals upon the present appeal was as follows:

FLY, ASSOCIATE JUSTICE.—Appellee sued to recover damages resulting from personal injuries sustained by him through the alleged negligence of appellant.  The judgment appealed from is for $5000, and is founded upon the verdict of a jury.  This is a second appeal of this

case, the former being published in 35 S. W. Rep., 180. Upon the
former appeal the judgment was reversed by this court, on the ground
that the testimony did not support, and was opposed to, the finding of
the jury; and it was ordered that the District Court instruct a verdict
for defendant if the testimony was the same on another trial. Choate
applied to the Supreme Court for a writ of error, upon the ground that
the decision of this court practically settled the case. Under the stat-
ute, the granting of the writ followed, and it was decided that "the
Court of Civil Appeals rightly held that, under the same evidence, the
trial court ought to instruct the jury for the defendant." 36 S. W.
Rep., 248. Afterwards a rehearing was granted, and it was held that
the case should be remanded to the District Court, to be tried "in
accordance with this opinion." 37 S. W. Rep., 319. In the last opin-
ion it is said: "Upon a careful re-examination of this case, we have con-
cluded that there was error in the former judgment of this court, in so
far as we held that there was no evidence upon which to submit the issue
of negligence to a jury. We think that the evidence is not such as to
preclude a difference of opinion upon the question of negligence on the
part of defendant, and that the Court of Civil Appeals erred in the
direction that it gave to the trial court, as above stated." In the case
of Wallace v. Oil Co., 40 S. W. Rep., 400, the Supreme Court gives as
a reason why it did not reverse the judgment of the Court of Civil
Appeals in that case that it could not reverse a finding of the Court of
Civil Appeals to the effect that there was no evidence to sustain the
verdict. We suppose that reason prevailed in this case when before
that court. The Supreme Court obtained jurisdiction of this case only
because it was stated in the application that the decision of this court
practically settled the case, and by the provisions of the statute which
gave the jurisdiction, "if the Supreme Court affirms the decision of the
Court of Civil Appeals, it shall also render final judgment." The de-
cision of this court was that there was no evidence to sustain the verdict,
and the Supreme Court holds that it was upon a question of fact, and
that it could not be reversed. It should, therefore, have been conclu-
sive, and, being conclusive, the Supreme Court, we think, should not
have reversed a part of the judgment, but should have proceeded to
render a judgment in favor of the defendant, and thus carried out the
intention of the statute under which it obtained jurisdiction, and have
ended this litigation. In other words, the decision of this court being only
on a question of fact, it should have been as conclusive with the Supreme
Court as the law delivered by that court is conclusive with this court.
If the Supreme Court had no authority to reverse the judgment upon a
question of fact, we are at a loss to understand under what authority
the judgment of this court was reviewed by that court, and its judgment
in part reversed. This court held that there was an entire absence of
testimony to sustain the verdict, and in such case the trial court should
have instructed a verdict for the defendant; and we know of no author-
ity that would deny the power to the appellate court to order an in-

struction for the defendant in case the evidence should be the same on another trial.    This has long been the practice in Texas.    If a Court of Civil Appeals has the authority to render such a judgment when there is an entire absence of testimony to sustain the verdict, and its finding that there is such lack of testimony is conclusive, it is apparent that the Supreme Court cannot review any part of such judgment.    That the Supreme Court did review the finding of this court that there was no evidence to sustain the verdict is fully apparent from the quotation above made from its last opinion, and the judgment of this court was reversed because that court differed from this on a question of fact.   We have proceeded upon the theory advanced by the Supreme Court, that our finding was one purely of fact, and that it was not a legal deduction from testimony; and, under such assumption, we are forced to the conclusion that, while the Supreme Court has no authority to review a judgment of a Court of Civil Appeals on a question of fact, it has by indirect means reversed a judgment of this court on a question of fact. This court held that there was no evidence to sustain the verdict.    The Supreme Court said:   ''We think that the evidence is not such as to preclude a difference of opinion upon the question of negligence on the part of the defendant, and that the Court of Civil Appeals erred in the direction that it gave to the trial court as above stated.''   The reversal of the judgment of this court was clearly the outcome of a difference of opinion on a question of fact, but it is provided in the Constitution that the decision of courts of civil appeals ''shall be conclusive on all questions of fact brought before them on appeal or error.''   The result of the difference of opinion on a question of fact, which under the Constitution should not have arisen, has been that on practically the same facts a jury has again returned a verdict for the appellee, and the trial court necessarily refused a new trial, and the case is again before this court.    We adhere to the opinion that there is a total lack of testimony to sustain the verdict of the jury.    The contradictory testimony given by appellee, the only witness to the circumstances surrounding the injury, the fact that no bruises or injuries were received by a fall which must have been violent, and the improbability of the whole account of the affair, would justify this court in the conclusion that the evidence was utterly insufficient to sustain a verdict.    In addition to that, there was no proof of negligence, unless it be inferred from the happening of the event, which the Supreme Court held in its first opinion in this case cannot be done.    In that case it was said:   ''There is no evidence to show that the 'jerk,' as it is called by the witnesses, was anything unusual in stopping and starting a train under ordinary circumstances; and the evidence wholly fails to show that the defendant was guilty of any negligence either in stopping or starting its train on the occasion of plaintiff's injury.''   We adhere to the opinion that this court has the authority and power to give such orders to lower courts as will terminate useless and protracted litigation; but the Supreme Court has held otherwise, and that holding is the law of this case, and the judgment of

the District Court is therefore reversed and remanded, without instructions in case the evidence should be the same on another trial, as it was on this.

, *Chas. H. Mayfield, J. D. Martin* and *R. L. Ball*, for petitioner.

GAINES, CHIEF JUSTICE.—This case was before this court upon a former appeal and is reported in 90 Texas Reports, beginning on page 82. The case presented by the former application and that by the present one are almost the same; and yet there is a material difference between them. On the former appeal the Court of Civil Appeals held that there was no evidence to warrant a verdict for the appellee, the plaintiff in the District Court, and reversed the judgment and remanded the cause with an instruction to direct a verdict for the defendant in the event the evidence should be the same upon another trial. The appellee applied to this court for a writ of error and in order to give us jurisdiction alleged in its petition that the decision of the Court of Civil Appeals "practically settled the case." We concurred in this view and therefore entertained jurisdiction and granted the writ. In passing upon the case we were in the first instance of the opinion that the decision of the Court of Civil Appeals was correct, and in compliance with the statute we accordingly rendered judgment against the plaintiff in error. But upon a motion for a rehearing we concluded that there was some evidence which tended to show negligence on part of the plaintiff in error, the defendant in the trial court, and that that court erred in holding to the contrary and in instructing the trial court to direct a verdict for the defendant in case the evidence upon another trial should be the same. But we also held, that the determination of the Court of Civil Appeals that the verdict should be set aside was conclusive, and we therefore affirmed their judgment in so far as it reversed the judgment of the trial court and remanded the cause, but reversed and set it aside in so far as it ordered a verdict to be instructed. That in this action we neither exceeded our powers nor entrenched upon the jurisdiction of the Court of Civil Appeals, there is no doubt. "Whether there be any evidence or not is a question for the judge; whether it is sufficient evidence is a question for the jury." 1 Greenleaf, Ev., sec. 491. So that it is elementary that whether there be any evidence or not to support an issue is a question of law and not of fact; and it follows that the decision of the Court of Civil Appeals upon such a question is subject to review by this court.

Nor do we concur in the opinion that the Court of Civil Appeals have the right to conclusively determine the facts of any case. Our bill of rights contains the emphatic declaration, that "the right of trial by jury shall remain inviolate." Const., art. 1, sec. 15. It is the province of the jury to determine questions of fact; but it is in the power of the trial judge to set aside the finding and to award a new trial. The Court of Civil Appeals has the same power upon appeal. But clearly the trial

court cannot set aside the verdict of the jury and substitute its finding instead of the finding of a jury and render judgment accordingly. To say that the Court of Civil Appeals may do so when there is any conflict in the evidence, is to concede to that court a power over the facts greater than that possessed by the judge who heard the evidence, who had the witnesses before him, and had the opportunity of judging of their credibility by their appearance and manner of testifying. It is a grave misapprehension to suppose that either the recent amendments to the judiciary article of the Constitution or the statutes passed in pursuance thereof were intended to confer such power. The purpose of that provision in amended section 6 of article 5 of the Constitution, which reads, "that the decision of said courts shall be conclusive upon all questions of fact brought before them on appeal or error," was not to enlarge their power over questions of fact, but to restrict in express terms the jurisdiction of the Supreme Court and to confine it to questions of law. The Supreme Court before the amendments in question had jurisdiction on appeal or a writ of error over the facts of a case, but to this extent only,—that if the evidence was conflicting upon any material issue, it could sustain the verdict and affirm the judgment; or if in their opinion the verdict was against such a preponderance of the evidence as to justify such action, it could set it aside and remand the cause for a new trial. It had no power to make an original final determination of a question of fact. It might approve the finding of the jury and thus make it conclusive. This same power is conferred by the amendments upon the Courts of Civil Appeals, and their action upon such questions is made final and not subject to be reviewed by this court. The statute which provides, that "the judgment of the Courts of Civil Appeals shall be conclusive in all cases upon the facts of the case" (Rev. Stats., art. 996), merely recognizes the rule of the fundamental law as prescribed in the amendments to the Constitution, and in that particular the Legislature could have done no more. It is contrary to the genius of our institutions as well as to the letter and spirit of every constitution ever adopted in this State, to suppose that it was ever intended to substitute the judgment of the appellate courts upon the facts of a case in place of that of the jury and to make the determination of these courts final.

But the difference between the judgment of the Court of Civil Appeals upon the former writ of error and that to which a writ of error is here sought, is that the latter does not direct that a verdict be instructed. It reverses the judgment of the trial court and remands the cause, which it was within the power of the Court of Civil Appeals to do, and which it was their duty to do, provided they were of opinion that the verdict was against such a preponderance of the evidence as to make that action proper. The cause having been remanded without instructions, upon another trial the jury may upon the same evidence render a verdict either for the plaintiff or the defendant.

Therefore the decision of the Court of Civil Appeals does not practi-

cally settle the case, and we are without jurisdiction to grant a writ of error to their judgment. The application is accordingly dismissed.

*Application dismissed.*