Electric Express & Baggage Company v. Morris Ablon, by Next Friend.

No. 3259. Decided February 11, 1920.

(218 S. W., 1030.)

**1.—Charge—Exceptions.**

Articles 1970, 1971, Rev. Stats., as amended by Act of March 29, 1913, Laws, 33d. Leg., p. 113, apply to charges submitting special issues as well as to the general charge of the court. (Pp. 237-240).

**2.—Same—Motion for New Trial.**

A complaint in a motion for new trial that a finding of the jury on a special issue submitted to them was not supported by the evidence was not identical with the claim that there was no evidence to justify its submission to the jury, the questions being different, the former one of fact, the latter of law. (Pp. 241-244).

**3.—Same.**

Failure to present objections on the trial to a charge of submitting a special issue on the ground that there was no evidence to justify it will not deprive the litigant of his right to attack the finding against him therein in a motion for new trial on the ground of insufficiency of the evidence to support such finding. (Pp. 237-243).

**4.—Jurisdiction of Supreme Court—Question of Fact.**

The determination of a question of fact by the Court of Civil Appeals, such as the reversal of a judgment because of the insufficiency of the

evidence to support the verdict is not subject to review by the Supreme Court, and their finding should be treated in such case as one of fact, though expressions in the opinion treat the case as one of entire absence of evidence. (P. 243).

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Dallas County.

Ablon sued the Express & Baggage Company, and on his appeal from a judgment for defendant secured a reversal and remand. The defendant company obtained writ of error because of conflict in decisions.

*Harry P. Lawther,* for plaintiff in error.—Where the court, submitting the case upon special issues, left to the jury the issue of contributory negligence, and the plaintiff made no objection to the submission by the court of such issue, he waived any objections to the insufficiency of the proof upon that issue; and the jury having found that plaintiff was guilty of contributory negligence it was not error for the trial court to overrule plaintiff's motion for new trial grounded upon the proposition that the evidence was insufficient to sustain the verdict upon that issue. Articles 1970-1971-1973-1974-2061, Vernon's Sayles' Stats.

By express provision contained in Article 1970 the provisions in Articles 1971-1973-1974 and 2061, Vernon's Sayles' Texas Civil Statutes with reference to the charges and instructions given by the court and read to the jury are made applicable to special issues given by the court and read to the jury if the cause be submitted on special issues. Articles 1970-1971-1973-1974 and 2061, Vernon's Sayles' Texas Civil Statutes; Pantaze v. Farmer, 205 S. W., 525; First National Bank of Garner, v. Smith, 183 S. W., 864.

*Etheridge, McCormick & Bromberg,* for defendant in error.

A special issue submitted is not an instruction. Texarkana & Ft. S. Ry. Co. v .Casey, 172 S. W., 733; Railway Co. v. Cody, 92 Texas, 623; G. T. & W. Ry. Co. v. Dickey, 108 Texas, 133.

The statute requiring that questions for review in the appellate court shall first be brought to the attention of the trial court by a motion for a new trial, as was done in this case, sufficiently supplements the other statutes as to constitute with them a sufficient protection against avoidable appeals, and the court below properly held that such is the scheme of the existing legislation in letter and spirit.

Mr. Justice HAWKINS delivered the opinion of the court.

The writ of error was granted by us upon the ground of conflict between the decision of the Court of Civil Appeals for the Fifth

District in this case, 206 S. W., 717, and the earlier decision of the Court of Civil Appeals for the Second District in Pantaze v. Farmer, 205 S. W., 521, R. S., 1521, sub. 2.

An answer which does not reserve the right of oral argument in this court having been filed under our Rule 5, we proceed, without unnecessary delay, to decide the case.

It involves the construction of several Articles of our Revised Statutes as amended by the Practice Act of 1913, ch. 59, p. 113, and a related statutory provision.

The action is upon a plea for damages for personal injuries to Morris Ablon, alleged to have resulted from negligence of a driver in the employ of the Express Company. A defensive plea of the Express Company alleged contributory negligence on the part of the injured plaintiff. The cause went to the jury on "special issues," and thereupon the jury made findings supporting each of said pleas. In the trial court no statutory "objection" to the submission to the jury of the special issue on contributory negligence was made. The jury having found against plaintiff on that issue, the trial court rendered judgment in favor of the defendant Express Company. Subsequently, in his motion for a new trial plaintiff complained, for the first time, upon the ground that the evidence was "insufficient" to support the finding of the jury on the issue of contributory negligence. Said motion was overruled and plaintiff appealed. Assignments of error carrying said contention of plaintiff, as appellant, were considered and sustained by the Court of Civil Appeals, which reversed the judgment of the District Court and remanded the cause for a new trial.

The contention of the Express Company is that the above stated contention of Ablon is tantamount to a contention that said special issue ought not to have been submitted to the jury, and that, by failing to object to any submission of that special issue, seasonably—before the charge submitting it was read to the jury—plaintiff acquiesced in the submission of that special issue, and, therefore, should be treated, thenceforth, as having waived all objections to the sufficiency of the evidence to support the jury's finding on that issue; and that, as a consequence, the Court of Civil Appeals erred in even considering said assignments of error, and in reversing said judgment of the trial court, and that, as an ultimate result, the judgment of the trial court in favor of the Express Company should be affirmed. In support of that contention it cites Articles 1970, 1971, 1973, 1974, and 2061, R. S., as amended by said Act of 1913.

Do those statutes, or any of them, apply when a cause is submitted upon "special issues"? And, if so, does failure to make and present to the trial court, before the charge is read to the jury, statutory "objection" to any submission of a particular special

issue—as, for instance, one on contributory negligence—operate as a waiver of the right subsequently to complain, upon grounds of insufficiency of evidence, of the finding of the jury upon that special issue?

Of said five cited Articles the last three, 1973, 1974, and 2061, relate, historically and inherently and exclusively, to special instructions, or special charges, requested by a party, and not to the main charge of the court. As a consequence they are not applicable to the present case—said special issue on contributory negligence having been submitted to the jury by the main charge of the court.

Historically and inherently, Articles 1970 and 1971, and also Article 1972 which was neither repealed nor amended by said Act of 1913 and was not cited by plaintiff in error, relate to the main charge of the court, rather than to special charges or instructions. Act May 13, 1846, sec. 99, 2 Gam. Laws, (1696); Act Feb. 5, 1853, 3 Gam. Laws (1303); R. S. 1879, R. S. 1895, Arts. 1316-7-8. In our opinion those three Articles, 1970, 1971 and 1972, are applicable to main charges of the court submitting cases to juries on "special issues." They are as follows:

"Article 1970. In all civil cases the judge shall, unless the same be expressly waived by the parties to the suit, prepare and in open court, deliver a written charge to the jury on the law of the case, or submit issues of fact to the jury if said cause is submitted to the jury on special issue of fact at the time, in the manner and subject to the restrictions hereafter provided, provided that failure of the court to give reasonable time to the parties or their attorneys for examination of the charge shall be reviewable upon repeal (appeal) upon proper exception."

"Article 1971. The charge shall be in writing and signed by the judge; after the evidence has been concluded the charge shall be submitted to the respective parties or their attorneys for inspection and a reasonable time given them in which to examine it and present objections thereto, which objections shall in every instance be presented to the court before the charge is read to the jury and all objections not so made and presented shall be considered as waived; before the argument is begun, the judge shall read his charge, and all special charges given by him to the jury in the precise words in which they were written; he shall not charge or comment on the weight of evidence; he shall so frame the charge as to distinctly separate the questions of law from the questions of fact; he shall decide on and instruct the jury as to the law arising on the facts, and shall submit all controverted questions of fact only to the decision of the jury."

"Article 1972. Such charge shall be filed by the clerk and shall constitute a part of the record of the cause, and shall be regarded

as excepted to, and subject to revision for errors therein, without the necessity of taking any bill of exceptions thereto."

In the same Act of 1913, but preceding the above quoted Articles, is amended Article 1984a, wherein it is provided that "in all jury cases the court, upon request of either party, shall submit the cause upon *special issues* raised by the pleadings and the evidence in the case," etc.

Amended Articles 1970, 1971 and Article 1972 are mutually complementary, and when, as in this instance, the main charge of the court submits the cause to the jury upon special issues, all those Articles and amended Articles 1984a, in their relation to such charge, form material portions of one consistent scheme of procedure, and, therefore, should be construed together.

Amended Article 1970 requires that, unless expressly waived by the parties, the judge shall prepare and in open court deliver a written charge to the jury on the law of the case, or submit the cause to the jury "on special issues of fact," and that such submission, whether on the general issue or on special issues, shall be "at the time, in the manner and subject to the restrictions hereafter provided." The expressions concerning "special issues" were not in that Article prior to said amendment. Following that Article are the provisions of amended Article 1971, including the express requirements that "objections" to the charge of the court "shall in every instance be presented to the court before the charge is read to the jury, and all objections not so made and presented shall be considered as waived."

Said amendatory Act of 1913 seems to have been intended to put a premium upon efficiency, candor, and diligence, on the part of the litigant or his attorney, in aiding the court properly to submit causes to juries, and to discourage speculation on the actions of juries; and all reasons of public policy impelling such legislative action seem to us of equal force as applied to the two methods of submitting causes. We cannot believe that the Legislature intended that there should be any difference in the practice under the two statutory methods of submitting causes, in so far as concerns either the time and manner of making "objections" to the form of submission of the cause to the jury or the consequences to a litigant for failing to point out to the court, seasonably, any material error into which the court may have fallen in the preparation of its main charge to the jury.

Accordingly, upon full and careful consideration of that issue, as here presented, we have concluded, and here now hold, that said provisions of said amended Article 1971 relative to "objections" to the charge of the jury, including the requirement concerning the time of presentation of such objection and also the provision prescribing a penalty for not making and presenting it to the trial

court before the charge is read to the jury, are applicable as well when a cause is submitted to the jury "on special issues" as when the cause is submitted to the jury by an ordinary charge presenting the general issue.

The special issues which our statutes contemplate shall be submitted to the jury are only such issues of fact as shall have been "raised by the pleadings and the evidence in the case." Art. 1984a, *supra*. Consequently, if, as contended by Ablon in the Court of Civil Appeals, and as declared by that court in its opinion, the evidence, as a whole, "conclusively" shows that he "was not guilty of negligence in any of the particulars charged which proximately caused or contributed to his injuries," said special issue on contributory negligence ought not to have been submitted to the jury. But whether that special issue ought or ought not to have been submitted to the jury is a question of law which we do not now decide, for the following reasons:

(a)   Ablon appears to have wholly failed to make or to present to the trial court any statutory "objection" whatever to any submission of that special issue. Although, by the express provisions of unamended Article 1972, in order to obtain, on appeal, correction of an error in the main charge to the jury, the complaining litigant need not take any formal "bill of exception" thereto, it is nevertheless, equally true that, by the terms of amended Articles 1970 and 1971, due "objection" to such erroneous charge must be made by such litigant. The requirement of the law is that all such "objections" shall in every instance be presented to the court before the charge is read to the jury; and the statutory penalty is that "all objections not so made and presented shall be considered as waived."

(b).   Ablon has not made, anywhere, complaint to the legal effect that said special issue ought not to have been submitted to the jury—nor, it seems, has such a complaint been passed upon by any lower court. We decline to sustain the contention of counsel for plaintiff in error that the complaint embodied in plaintiff's motion for rehearing, in allegations of mere "insufficiency" of the evidence to support the finding of the jury on the special issue of contributory negligence, amounted to no more than a complaint that said special issue ought not to have been submitted to the jury.

Thus far our conclusions as to the legal effect of said Act of 1913 upon the present case are controlled not only by reason, but, as well, by our previous conclusions concerning the legal effect of Articles 1970, 1971, and 1972, as expressly stated or clearly indicated in the analytical and carefully considered opinions by our Chief Justice in the two companion Dickey Cases construing provisions of said Act of 1913. Gulf, T. & W. Ry. Co. v. William Dickey,

108 Texas, 126, 187 S. W., 184; Gulf, T. & W. Ry. Co. v. Maryland Dickey, 108 Texas, 137, 187 S. W., 189. See, also, opinions of this court in Walker v. Haley, 110 Texas, 50, 214 S. W., 295, and in Decker v. Kirlicks, 110 Texas, 90, 216 S. W., 385, and in Shumaker v. Byrd, 110 Texas, 146, 216 S. W., 862, relating to peremptory charges.

But, however true and correct all that may be, it falls short of determining the most difficult question in the present case. That question, broadly stated, relates to the effect, if any, of said amendatory Act of 1913 upon the preexisting statutory right of a litigant to complain, in his motion for a new trial, of what he may believe to have been, (a), an error of the trial court other than one purely of law and involving the form of the main charge to the jury, or, (b), an error of the jury. More narrowly, and as applied to this case, the question is: Did the fact that the plaintiff waived his right to make statutory "objection" to any submission by the court to the jury of said special issue on contributory negligence legally prevent him from complaining, in his motion for a new trial, upon grounds of "insufficiency" of evidence, of an adverse finding of the jury on that special issue?

Upon the one hand it might seem reasonable that, in order to give full contemplated effect to said amendatory Act of 1913, and particularly, to prevent litigants from speculating upon the result of the jury's finding, or verdict, said Act should be held to exclude from motions for a new trial all complaints grounded upon an insufficiency of evidence, to support a particular finding or verdict of the jury; but, upon the other hand, the language of said amended Articles 1970 and 1971 is limited, plainly, to charges of the court, and does not expressly include or relate to motions for new trials; from which, under well established rules of statutory construction, it would seem just and proper to conclude, as we do, that not by mere construction or implication may the courts properly so far extend the force and legal effect of amended Articles 1970 and 1971.

Upon careful consideration of that feature of the subject, and as decisive of the very question now here requiring decision, and without undertaking, now, to lay down a general rule of practice applicable in all instances which may arise under said statutes and related statutes, we have concluded, and here hold, that the stated and pertinent provisions of said amended Articles 1970 and 1971, relating to "objections" to the main charge of the court to the jury, ought not to be construed as taking away from a litigant his preexisting statutory right to complain, in a motion for a new trial, of the "insufficiency" of the evidence to support a finding of a jury.

Whenever there is conflicting evidence of probative force upon a particular issue of fact, it is the duty of the trial court to submit that issue to the jury, even though the judge himself may disbelieve all the evidence upon one side of that issue. That duty would continue, clear and unimpaired, despite any and all statutory "objections" to any submission of that issue. Nevertheless, upon a motion for a rehearing grounded upon alleged "insufficiency" of the evidence to support a finding of the jury upon that issue favorable to the side whose supporting testimony was not believed by the judge to be true, it would be the imperative duty of the trial court to set aside and hold for nought such finding of the jury; and that duty would not be affected by antecedent failure of the litigant seasonably to make and present to that court an obviously futile and wholly unreasonable "objection" to any submission of that issue. The illustration demonstrates the soundness of our conclusion in the present case, wherein the pertinent portion of said motion for a new trial rests wholly upon allegations of "insufficiency" in the evidence to support said finding of the jury on the stated special issue. Whether the same reasoning and conclusion would, or would not, be applicable to a motion for a new trial based solely on the proposition that there was *no evidence to* support a finding of the jury on a special issue, or, on the proposition that there was *no evidence* to support a general verdict of a jury under a charge of the court submitting a general issue—the movant having failed to make, seasonably, due "objection" to the submission of such issue to the jury grounded upon corresponding allegations of a total lack of evidence—we need not and do not now decide, those questions not being up for decision.

Whether there is *any evidence* in support of a finding or verdict of the jury is, purely and simply, *a question of law*. But where there is *some evidence* to support a finding or verdict of the jury, the question whether it is *sufficient*, in the estimation of the trial court or of the Court of Civil Appeals, to support such finding or verdict, is *a question of fact*, and not one of law. Muhle v. New York T. & M. Ry. Co., 86 Texas, 459, 25 S. W., 607; Choate v. San Antonio & A. P. Ry. Co., 91 Texas, 406, 44 S. W., 69; International & G. N. Ry. Co. v. Vallejo, 102 Texas, 73, 113 S. W., 4; Houston E. & W. T. Ry. Co. v. Boone, 105 Texas, 188, 146 S. W., 533; Beck v. Texas Co., 105 Texas, 303, 148 S. W., 295; Wilson v. Freeman, 108 Texas, 121, 185 S. W., 993, Ann Cas. 1918 D. 1203.

In the present case, as above stated, the point raised in the motion for rehearing and in the assignments of error which were presented in the Court of Civil Appeals, and, in legal effect, sustained by that court, was, not that there was *no evidence*, but merely that the evidence was "insufficient" to support the finding

of the jury upon said special issue on contributory negligence. That being true, the Court of Civil Appeals was at liberty, and clothed with full power and authority, to consider and to determine the merits of said assignments of error, although they were based upon said motion for a new trial only, and not upon statutory "objections" to any submission of said special issue.

Moreover, when, as in this case, the decision and judgment of the Court of Civil Appeals upon the facts do not turn upon a question purely of law, they are final, in the sense that they are not subject to review by this court.

Our State Constitution, as amended in 1891, declares that "decisions" of Courts of Civil Appeals "shall be conclusive on all questions of fact brought before them on appeal or error." Art. 5, sec. 6. Our statute provides that judgments of those courts "shall be conclusive in all cases on the facts of the case." Art. 1590, R. S.

A portion of the opinion of the Court of Civil Appeals may, indeed, fairly be construed as being to the effect that there was no evidence tending to support the finding of the jury on said special issue. Nevertheless, that court, in the exercise of its clear constitutional and statutory authority and discretion in dealing with the facts of this cause, has seen fit to enter its judgment reversing the judgment of the trial court and remanding the cause to that court for a new trial on the facts. Upon the facts that judgment of the Court of Civil Appeals, rather than argumentative portions of its opinion, is of controlling importance. Logically and necessarily that judgment involves, in its support, a decision, or finding of fact, by that appellate court, to the effect that the evidence was "insufficient," rather than that there was *no evidence,* in support of the finding of the jury on said special issue. Pollock v. Houston & T. C. Ry. Co., 103 Texas, 69, 123 S. W., 408; Lee v. International & G. N. Ry. Co., 89 Texas, 583, 36 S. W., 63; Tweed v. Western U. Tel. Co., 107 Texas, 247, 166 S. W., 696, 177 S. W., 957.

Under the above provisions of our Constitution and of Article 1590, and our established practice, that decision or finding of fact, by that court, and its corresponding order of *remand,* are "conclusive," and consequently, binding upon this court. Lee v. International & G. N. Ry. Co., *supra;* Choate v. San Antonio & A. P. Ry. Co., 90 Texas, 82, 37 S. W., 319, 91 Texas, 406, 44 S. W., 69; Wallace v. Southern Oil Co., 91 Texas, 18, 40 S. W., 399; Pollock v. Houston & T. C. Ry. Co., *supra;* Tweed v. Western U. Tel. Co., *supra;* Wilson v. Freeman, 108 Texas, 121, 185 S. W., 993. See, also, Beck v. Texas, Co., *supra.*

Accordingly the judgment of the Court of Civil Appeals is affirmed.

MR. CHIEF JUSTICE PHILLIPS filed the following concurring opinion.

I concur in the affirmance of the judgment of the Court of Civil Appeals.

. There is but a single question in the case, and I think the court's opinion should be confined to it. The question is as to the right of a party, under Articles 1970 and 1971 as amended by the Act of 1913, to complain, in a case submitted on special issues, of an adverse verdict upon a particular issue because of the evidence being insufficient to sustain the verdict thereon, where there was no objection in the first instance to the court's submission of the issue.

Treating the special issues framed by the court as "the charge" of the court within the intendment of amended Article 1971, as I think they should be, the challenge in such a case is only of the verdict, and merely as a verdict without sufficient support in the proof. It is not a challenge of "the charge."

Under amended Article 1971, it is only objections to "the charge" which are to be considered as waived if not presented to the court before the charge is read to the jury. The statute does not say that failure to so object to the charge shall, in a motion for a new trial, preclude complaint of the verdict as being without sufficient evidence to sustain it. Since the statute does not say that, there is no warrant in my opinion for the courts to say it.

*Affirmed.*