HALL MUSIC COMPANY v. JIM ROBERTSON ET AL.

No. 4946.   Decided January 25, 1928.

(1 S. W., 2nd Series, 857).

*Scarborough & Wilson,* for appellant.

*Stinson, Coombs & Brooks,* for appellees.

Mr. Presiding Judge HARVEY delivered the opinion of the Commission of Appeals, Section A.

Certified question from the Court of Civil Appeals for the Eleventh Supreme Judicial District. The certificate states the facts, so far as material here, as follows:

"Appellant, Hall Music Company, brought suit in the County Court of Taylor County against the appellee Robinson on a promissory note alleged to have been executed by the defendant in favor of the plaintiff. Among other defenses presented by the defendant was a plea of payment. This issue was submitted to the jury and found in favor of appellee and from a judgment on a special verdict of the jury in favor of appellee, appellant has appealed to this court. The only assignment relating to the matter of the sufficiency of the testimony is as follows:

" 'The court erred in submitting to the jury his special issue as follows:

" ' "Do you find that the payment of the said $52.00 as admitted by both parties constituted payment in full of said note by the defendant Robinson? Answer 'Yes' or 'No.' " '

" 'To which question the jury answered "Yes." '

" 'Said verdict and judgment should be set aside and held for naught, for the reason that there was no evidence before the jury on which to predicate such a finding.'

"No written objections were presented to the charge and no peremptory instruction requested."

The certified question set out in the certificate reads as follows:

"Has this court the authority to consider the assignment as copied in the foregoing statement as an assignment raising the question of the sufficiency of the evidence to support the verdict of the jury?"

The assignment of error set out in the certificate relates to a question of law,—that of no evidence to raise the issue of fact that was submitted to the jury. The question of the sufficiency of the

evidence to support the finding of the jury under the special issue submitted to them, is one of fact. The assignment does not call upon the court to decide the latter question; for this reason the court is not authorized to decide it under that assignment. Texas & P. Ry. Co. v. Raney, 86 Texas, 367, 25 S. W., 11. See also Elec. Express & Baggage Co. v. Ablon, 110 Texas, 235, 218 S. W., 1030.

We recommend that the certified question be answered "No."

Opinion of the Commission of Appeals answering certified questions adopted, and ordered certified to the Court of Civil Appeals.

*C. M. Cureton,* Chief Justice.