## EVANS v. DR. PEPPER BOTTLING CO.

### No. 1870.

Court of Civil Appeals of Texas. Eastland.

Jan. 6, 1939.

Rodgers & Rodgers, of Texarkana, for appellant.

Keeney & Moseley, of Texarkana, for appellee.

FUNDERBURK, Justice.

This suit originated in Justice's Court. Appellant, G. C. Evans, under the trade name of G. C. Evans Sales Company, was the plaintiff below, and Dr. Pepper Bottling Company, a corporation, was the defendant. Plaintiff's pleadings, except as to a verified account, were oral. The nature of the suit as stated in a docket entry was "suit upon ver a/c for $143.83." The citation described the nature of the suit thus:

"Itemized, verified statement of account for cash for a boiler, drayage, inspection and repair on same, and repair on one still represented by defendant to be in perfect condition, but for which plaintiff was forced to have repairs made, and for breach of warranty on goods sold by defendant to plaintiff.

"Plaintiff sues for judgment for said breach of contract in amount above shown, interest and costs."

The defendant's (written) pleading consisted of a general denial and verified allegation that the "verified statement of account referred to in plaintiff's citation herein and filed in this case is not just or true, in whole or in part."

In a nonjury trial the judgment was for the defendant from which the appeal is prosecuted.

The record does not contain conclusions of fact and law. The action or ruling of the court alleged as the ground of error in each of the first and second assignments of error is "in rendering judgment." In the third assignment, the ground of error alleged is "in not rendering judgment in favor of plaintiff" for a particular item of $24.68.

■ We cannot say that the court by its action in rendering judgment for the defendant, and, of course, against the plaintiff, generally, or as to the particular item of $24.68, was in error, unless we knew what issuable facts were found to have been established by the evidence or which the evidence failed to establish, as the case may be. If the evidence established conclusively as a matter of law (thereby rendering it unnecessary that the judge as the trier of the facts determine the facts from disputed or inconclusive evidence) each and every fact necessary to support a judgment for the plaintiff, then, of course, the court did commit error in rendering the judgment against the plaintiff. Appellant makes no effort in his brief to show that such a condition existed. If there was no evidence to support the finding of anyone or more facts material to support a judgment for plaintiff, then the action of the court in giving judgment for defendant was correct, regardless of possible errors in determining other particular facts. Again, if any one fact material to a recovery by plaintiff was supported by some evidence, but not conclusively established in plaintiff's favor, then there was no error in rendering the judgment for the defendant, or in failing to render judgment for the plaintiff, because we must presume that the judge found the disputed fact in favor of the defendant. None of the assignments of error alleges any ground of error consisting of a wrong conclusion of the judge as to any fact in issue.

■ Appellant's single proposition under all his assignments of error is as follows: "A preponderance of the evidence adduced upon the trial of this cause and the surrounding facts and circumstances of the parties at the time they made their negotiations and trade support the contentions of the plaintiff, appellant herein, and judgment should have been entered in his favor for the expenses incurred by him to place such machinery in salable condition." If the proposition be granted it does not meet the requisites outlined above to show that the court entered the wrong judgment. At the very most, the only vice in the judgment, according to said proposition, is that in some unspecified respect it is not in accord with a preponderance of the evidence. What constitutes a preponderance of the evidence in a particular case generally involves a consideration of the credibility of witnesses, and the weight of evidence—matters confided by law exclusively to the jury, in a trial by jury, or to the judge in a nonjury trial.

■ As an appellate court, we cannot review a judgment to determine whether all essential facts to support it were established by a preponderance of the evidence. When the questions are properly presented, it is our function to determine whether there was no evidence to support an essential finding, or whether the evidence was insufficient. The first is a question of law, the second a question

of fact; and it has been held that an assignment of error sufficient to raise one is not sufficient to raise the other. Hall Music Co. v. Robertson, 117 Tex. 261, 1 S. W.2d 857. Neither of these questions is concluded by the fact that an essential finding is not supported by a preponderance of the evidence.

Being of the view that the judgment of the court below should be affirmed. it is accordingly so ordered.