R. A. DEEN V. BIRDVILLE INDEPENDENT SCHOOL DISTRICT.

No. 7780. Decided January 28, 1942.
Rehearing overruled February 25, 1942.
(159 S. W., 2d Series, 111.)

*Houtchens & Houtchens, J. Harold Craik, Clark Craik, Burns & Weddell* and *Ardell M. Young,* all of Fort Worth, for plaintiff in error.

On the question of the insufficiency of the allegations in plaintiff's petition to support the jury's answers to the special issues. Hill v. Preston, 119 Texas 522, 34 S. W. (2d) 780; American Central Life Ins. Co. v. Alexander, 39 S. W. (2d) 86; Id. 56 S. W. (2d) 864; Cofer v. Beverly, 184 S. W. 608.

*W. L. Coley* and *Robt. Sansom,* both of Fort Worth, for defendant in error.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

In the trial court plaintiff in error, R. A. Deen, recovered judgment against defendant in error, Birdville Independent School District, for damages for the breach of a teacher's contract, which judgment was reversed and the cause remanded by the Court of Civil Appeals. 141 S. W. (2d) 680.

The record discloses that the called meeting of the Board of Trustees, attended by four of its seven members, at which it is claimed by Deen that he was employed, was held on April 7, 1936. Some question arose as to the sufficiency of the notice given of that meeting to make the contract valid, and another meeting was called for April 13, 1936, for the purpose of ratifying and confirming the contract theretofore made. The Court of Civil Appeals held that the meeting of April 13th was not lawfully called. It further held that the plaintiff's pleadings were not sufficient to disclose that he relied "for the validity of his contract upon any valid called meeting of the trustees had and held on April 7th."

The application for writ of error was granted upon an assignment challenging that holding. The assignment is sustained. The petition firmly grounded plaintiffs' cause of action upon the contract of April 7th. Of course, as stated in the opinion of the Court of Civil Appeals, if the contract of April 7th was made under circumstances binding upon the parties, no ratification meeting was necessary to effect such purpose, but the fact that plaintiff alleged that such subsequent meeting was held should not, in our opinion, be construed as an abandonment of his allegations of the validity of the former meeting.

But we are unable to reverse the judgment of the Court of Civil Appeals. Among other holdings made by that court was a holding that the evidence was insufficient to support the finding of the jury that the meeting held on April 13th was held and conducted in the usual way and manner in the transaction of the affairs of the district. A like holding was made with reference to the finding of the jury that the meeting of April 7th was held and conducted in the usual and customary way and manner in the transaction of the affairs of the district. We are without jurisdiction to disturb those holdings. They are holdings on questions of fact, as to which the jurisdiction of the Court of Civil Appeals is final. Electric Express and Baggage Co. v. Ablon, 110 Texas 235, 218 S. W. 1030; Hall Music Co. v. Robinson, 117 Texas 261, 1 S. W. (2d) 857.

The judgment of the Court of Civil Appeals, which reverses the judgment of the trial court and remands the cause for a new trial, is affirmed.

Opinion adopted by the Supreme Court January 28, 1942.

Rehearing overruled February 25, 1942.