**HOME INSURANCE COMPANY,
Appellant,**

v.

**Nathaniel Ray DAVIS, Appellee.**

**No. 8982.**

Court of Appeals of Texas,
Texarkana.

Sept. 7, 1982.

Michael Stevens, Atchley, Russell, Waldrop & Hlavinka, Texarkana, for appellant.

E. Ben Franks, Arnold, Lavender, Rochelle, Barnette & Franks, Texarkana, Ark., for appellee.

CORNELIUS, Chief Justice.

This is a worker's compensation case. The jury found that Nathaniel Ray Davis received an injury in the course of his employment with D & W Packing Company

which rendered him totally and permanently disabled. The claim of injury was based on allegations that during his several years employment at the packing plant, Mr. Davis developed chronic bronchitis as an occupational disease. The carrier appeals on the ground, among others, that the evidence is insufficient to support the jury finding. We agree and consequently must reverse the judgment and remand the case for a new trial.

To be compensable as an occupational disease, a disease must be one arising out of and in the course of the claimant's employment, and cannot be an ordinary disease of life to which the general public is exposed outside of the employment. Tex. Rev.Civ.Stat.Ann. art. 8306, § 20 (Vernon 1967). To establish an occupational disease, there must be probative evidence of a causal connection between the claimant's work and the disease, i.e., the disease must be indigenous to the work, or must be present in an increased degree in that work as compared with employment generally. *Schaefer v. Texas Emp. Ins. Ass'n,* 612 S.W.2d 199 (Tex.1980); *Mueller v. Charter Oak Fire Ins. Co.,* 533 S.W.2d 123 (Tex.Civ. App.—Tyler 1976, writ ref'd n.r.e.). Aggravation, acceleration, or excitement of a non-occupational disease does not constitute a compensable injury under our Workers' Compensation Act. *Texas Emp. Ins. Ass'n v. Schaefer,* 598 S.W.2d 924 (Tex.Civ.App.— Eastland), *affm'd,* 612 S.W.2d 199 (Tex. 1980); T.P. Sartwelle, *Annual Survey of Texas Law,* 32 Sw.L.J. 291, 350 (1978).

Mr. Davis' theory was that he was for a long period of time alternately exposed in his work to extremes of hot and cold temperatures without adequate protective clothing, and that these conditions caused him to develop chronic bronchitis.

Mr. Davis produced one medical witness, Dr. Terry Davis. He had diagnosed his problem and treated him for several years. Dr. Davis answered "yes" when Mr. Davis' attorney asked him if he thought, in all reasonable medical probability, the bronchitis was "causally related" to Davis' working conditions. But in explaining and elaborat-

ing upon his medical opinion he repeatedly and emphatically testified that he could not say, and was not saying, that in reasonable medical probability the disease arose out of or was caused by the work conditions, and the only thing he could say was that those conditions aggravated the disease. He further testified that chronic bronchitis was an ordinary disease of life which any person was subject to contracting, and that it was just as likely that Mr. Davis' bronchitis was caused by his history of smoking cigarettes as by his employment.

The carrier's medical witness, Dr. Fred Liu, testified that he treated Mr. Davis at the East Texas Chest Hospital and that the most likely etiology of his chronic bronchitis was smoking.

Medical testimony is not to be judged by semantics or by the use of magic words, but by its substance. Using that standard here we are compelled to conclude that the evidence was insufficient to support a finding that Mr. Davis contracted an occupational disease. The carrier's sole point on this issue complains that the evidence is insufficient to support the jury finding. We treat this as a factual insufficiency point. See *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965). If the point also raises the issue of no evidence or legal insufficiency, we find some evidence to support the finding but find it is factually insufficient. In that situation a remand of the case is required. *Childre v. Casstevens,* 148 Tex. 297, 224 S.W.2d 461 (1949).

The carrier also urges no evidence and insufficient evidence points concerning the jury finding that Mr. Davis gave notice of injury to his employer within 30 days from its first distinct manifestation and his awareness that it was job related. See *Commercial Ins. Co. of Newark, N.J. v. Smith,* 596 S.W.2d 661 (Tex.Civ.App.—Fort Worth 1980, writ ref'd n.r.e.). Even though we have found insufficient evidence of an injury, a no evidence finding on notice would require a rendition of the judgment. On this issue we find there is some evidence from which an inference of notice can be raised, but find such evidence insufficient to support the jury finding. The employer

testified that the first notice he had that Davis' condition was job-related was on December 4, 1978, when he received a letter from Davis' doctor expressing the opinion that his condition might be related to his working conditions. Mr. Davis testified that when he took the letter to his employer he unsuccessfully asked that his job be changed or that he be moved to get away from the extreme temperature variations. Dr. Davis testified that shortly after he wrote the December 4, 1978 letter, Davis came back to see him and related that he was nervous because he was "concerned about his working conditions and wondered if they could be causing him any problems." Considering the overall situation, the fact that Mr. Davis has only a fourth grade education, and the absence of any evidence indicating that he previously knew his injury might be job-related, we believe this testimony is sufficient to raise an inference that he did not become aware of the job-related nature of his injury until at least December 4, 1978, when Dr. Davis wrote his letter concerning it. The employer had notice the same day.

We find sufficient evidence in the record to support the jury finding that Mr. Davis' bronchitis was a producing cause of his disability, but in view of our other conclusions the judgment must be reversed.

Reversed and remanded.