**BUSSEY v. MACK et al.**

No. 6333.

Court of Civil Appeals of Texas. Texarkana.

Feb. 12, 1948.

McLeroy & McLeroy, of Center, and Norman, Stone & Norman, of Jacksonville, for appellant.

Lewis & Chandler, of Jacksonville, for appellee.

HARVEY, Justice.

This is an appeal from an order overruling the plea of privilege of appellant, John B. Bussey. The record reflects that Tom Mack, E. A. Chandler and wife, Lester Gray and wife, and J. C. Pope and wife filed suit against Bussey in the District Court of Cherokee County, Texas, for damages to their property by a fire alleged to have been caused by the negligence, crimes and trespasses on the part of the defendant while he was servicing a butane gas tank belonging to Tom Mack. Tom Mack owned the house that was burned, and the premises in Cherokee County, which the other plaintiffs occupied as tenants. The defendant filed his plea of privilege to be sued in Shelby County, the place of his residence, and this appeal is from the order of the court overruling it.

Appellant conceded that the plea of privilege in so far as it relates to the plaintiff Tom Mack, the owner of the house that was burned, was properly overruled since his cause of action was brought un-

der Sec. 14, Art. 1995, R.C.S. of Texas, which relates to venue of suits involving damages to land. The cause of action by the other plaintiffs was for the destruction of personal property, consisting of furniture, jewelry, and the like, owned by them which was destroyed by the fire. It was not shown that such other plaintiffs had any interest in the house or premises. They sought to maintain venue in Cherokee County by reason of an alleged crime, offense or trespass under Article 6053, R.C.S. of Texas, Act of 49th Legislature, 1945, Vernon's Ann.Civ.St. art. 6053, in that the gas delivered to Tom Mack was not malodorous as required by the Rules of the Railroad Commission of Texas. In addition, plaintiffs alleged the violation of Subdivision B-12, Section D, and Subdivision 2, Subsection B, of said Subdivision B-12, of the Rules of the Railroad Commission of Texas, promulgated pursuant to the provisions of Article 6053, V.A.C.S. of Texas, relating to underground tank storage and gas distribution, in addition to an allegation of active negligence. The defendant Bussey filed a motion for a severance of the causes of action of plaintiffs Chandler and wife, Gray and wife, and Pope and wife, from the suit of Tom Mack, and the plea of privilege was addressed only to the causes of action as asserted by the plaintiffs other than Mack.

■ In order for such plaintiffs to maintain venue in Cherokee County it was necessary for them to establish by the evidence that a crime or trespass which proximately caused the damages complained of was committed by the defendant Bussey in that county. The trespass referred to must result from acts that involve "active" as contradistinguished from "passive" negligence. Jackson v. McClendon, Chief Justice, 143 Tex. 577, 187 S.W.2d 374. The facts disclosed that Bussey was delivering butane gas from a tank truck to the underground storage tank that supplied the plaintiffs with gas; that the underground tank was lower than the tank truck and that Bussey was refilling the underground tank on the occasion in question by gravity flow and was using only one hose attached to his truck and the storage tank. The storage tank was located on the north side of the

house at a distance of about twelve feet, and while the tank was being filled a breeze was blowing from the northwest or northeast in the direction of the house. While the storage tank was being refilled by Bussey, liquefied petroleum gas was being forced into the open air; witnesses testified that when the liquid gas escaped into the open air it vaporized, had a white color, and was plainly discernible; one witness testified that she was about twelve feet from the storage tank while the defendant Bussey was refilling it and noticed a white fog escaping from the tank near where the hose was connected to the tank; that she was looking up the stairway and saw a fire which was up in the air. There was further testimony to the effect that the storage tank had been empty for about two weeks; that Bussey knew this and closed the line leading from the tank to the residence before starting to fill the tank; that there were no gas connections or outlets up-stairs from which the gas could have escaped; that the house was about two or three feet off the ground, all sides being bricked-up except the north end portion. There was a double chimney in the southwest part of the house built from the first floor to the second floor of the two-story house, encased by a well of walls which was not built flush against the chimney walls, but there was a space of two or three inches around the chimney at the end under the house, and was open at the end of the well on the second floor in Mrs. Gray's apartment, where the fire was discovered. There was a small wood fire burning in a stove in that apartment.

Article 6053, R.C.S. of Texas, provides for the regulation of the distribution of butane and other types of gas as a safety measure and empowers the Railroad Commission of Texas to make such rules and regulations as may be necessary to carry out the purpose of the statute. A rule of the Railroad Commission in effect at the time of the alleged commission of the negligent acts by Bussey is as follows:

"(d) Gravity. When the storage container is at lower level than the tank car or tank truck gravity transfer of liquid may be employed. Tow connections are required between the containers, one being

used to equalize pressures and the other for transferring the liquid. When the pressure within the two containers is equalized, liquid will flow from the upper to the lower container by gravity."

Sections 4 and 5 of Article 6053 provide that a violation of any of the rules of the Railroad Commission adopted pursuant to said Article 6053 shall be punishable by a fine ranging from $5 to $200.

Under the facts and circumstances briefly summarized hereinabove, we are of the opinion that the trial judge had sufficient evidence before him, if true, to hold that such a trespass was committed by Bussey, consisting of affirmative acts of negligence, which warranted his overruling the plea of privilege filed by defendant Bussey. The rule in regard to the distinction made by the courts in Texas with respect to the difference between "active" and "passive" negligence is easily stated and apparently one that is not difficult to understand. The substance of the principle of law is stated in Metzger Dairies v. Wharton, Tex.Civ.App., 113 S.W.2d 675, 677, as follows:

"Negligence consists of acts or omissions. If the duty is breached by 'an act,' the negligence is of that affirmative character which may be a trespass. If the duty is breached by the failure or omission to do something which it was the person's duty to do, the negligence is negative and does not constitute a trespass."

The application of the rule, however, to some specific factual situations is something else, indeed, and often involves a question of extreme difficulty in its solution. No formula, criterion, or "rule of thumb" yet has been devised by which the line of demarcation between the two types of negligence, active and passive, can be drawn with exactitude. When an act under some conditions ceases to constitute active negligence and becomes negative in nature has become the subject of some rather refined distinctions. In the case under consideration, the evidence presents the issue as to whether the defendant Bussey, in making a delivery of the gas from his tank truck to the storage tank made improper use of his equipment, or used insufficient equipment, and by reason thereof forced the liquefied gas into the open where it vaporized and at once became extremely hazardous. At the time, he had control of the equipment for handling the gas, and it was a positive or affirmative act on his part, as indicated by the testimony, which caused the gas to escape. The highly inflammable nature of butane gas is so commonly and widely known that judicial knowledge may be taken of its inherently explosive and dangerous nature. The Legislature has recognized this by passing statutes requiring one who handles it to have a license and has adopted certain standards to be enforced in its storage and distribution, and as well has empowered the Railroad Commission of Texas to promulgate rules and regulations with respect thereto as a public safety measure. Bussey's acts on the occasion in question, assuming the testimony relating thereto to be true, were of such a nature as to constitute active negligence, and venue was properly laid in Cherokee County under the exception to the venue statute, Article 1995, Subdivision 9, Revised Civil Statutes of Texas, Vernon's Ann.Civ.St. art. 1995, subd. 9. We think this case falls within the rule announced in Jackson v. McClendon, supra; Murray v. Oliver, Tex.Civ. App., 61 S.W.2d 534; Goodrum v. Hobbs, Tex.Civ.App., 60 S.W.2d 298, and cases cited.

The case of Bussey v. Jones by this court, handed down on May 29, 1947, unreported,[1] cited by appellant, is not in point since the decision in that case was grounded upon the lack of evidence to establish that the appellant therein committed the acts of negligence that were alleged against him. By reason of our conclusions hereinabove stated, we pretermit in this case any discussions of the contention made by appellees that a crime or offense was committed by appellant under the provisions of Art. 6053, R.C.S. of Texas, due to his delivery of gas that allegedly was not odorized with a malodorant.

The judgment of the trial court is affirmed.

---

[1] No opinion for publication.