Marcela A. GARCIA, Appellant,

v.

UNIVERSAL GAS CORPORATION,
d/b/a Standard Butane
Company, Appellee.

No. 04–81–00494–CV.

Court of Appeals of Texas,
San Antonio.

May 25, 1983.

Rehearing Denied June 16, 1983.

Marvin Miller, San Antonio, for appellant.

David Stephenson, San Antonio, for appellee.

Before BUTTS, TIJERINA and DIAL, JJ.

## OPINION

TIJERINA, Justice.

This case involves a lawsuit for property damages arising out of a propane gas explosion and fire which destroyed plaintiff-appellant's house. The trial court rendered judgment for defendant, based on a jury verdict.

Appellant's only question on appeal complains that the jury's answers to special issues numbers one and two are so against the great weight and preponderance of the evidence as to be manifestly wrong. Special issue number one inquires as to whether prior to the explosion, appellee was notified of a gas leak, and special issue number two inquires as to whether turning on the gas and lighting the appliance pilot lights by appellee's employee on the occasion in question was negligence. The jury gave negative answers to both issues.

The propane gas explosion that destroyed appellant's house occurred on December 19, 1979. The house was situated near Poteet,

Texas, and occupied at the time by a tenant, Lisa Arellano. The house had a propane gas system and appellee Standard Butane Company owned the tank, regulator and meters attached to the tank. On December 18, 1979 the tank ran out of propane gas. There was a smell of gas, which was an indication the gas was running out. The tenant called appellee Nita Black, secretary for the gas company, to request that the tank be filled with propane gas. Appellee Marvin Koog filled the tank, but kept the tank valve closed. On December 19, 1979, the tenant again called appellee to report the smell of fumes and requested someone come to the house to light the pilots. The secretary relayed the message to the office manager, who in turn, sent the repairman to answer the call and light the pilots. He did not, however, mention the reported smell of fumes. The repairman opened the tank valve and lighted all the pilots except the heater in the den, which was blocked by automobile parts. The explosion occurred one hour after the repairman left the house.

█ The insufficiency of the evidence question proposed by appellant requires that we consider and weigh all the evidence in the case and set aside the verdict and remand the cause for a new trial if we conclude that the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust. This is so regardless of whether the record contains some evidence of probative force in support of the verdict. The evidence supporting the verdict is to be weighed along with the other evidence in the case, including that which is contrary to the verdict. *See In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951); CALVERT, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 Texas L.Rev. 361 (1960).

The witness Marvin Koog testified he was employed by appellee, Standard Butane Company, as a routeman delivering gas. He stated that he filled appellant's gas tank to 85% full, and further testified as follows:

Q: And how does the gas get from the tank in that house, to the house, or the tank outside the house to the house?

A: It goes from that valve, if you open that valve, then it will flow to the house.

Q: When you left that tank on December the 18th, 1979 after filling it, was the valve open or shut?

A: It was shut.

The witness Nita Black testified that she was the secretary for appellee Standard Butane Company, and testified to the following:

Q: [T]he only party that called in out of gas was Mrs. Arellano on the 18th day of December, 1979, is that true?

A: Yes, sir.

Q: She also told you she smelled gas, didn't she?

A: She said she smelled gas, yes, sir.

Q: And you told that to the boss, Mr. Mosley, didn't you?

A: I don't really remember my conversation with him.

&ast; &ast; &ast; &ast; &ast; &ast;

Q: And she called you again and told you she smelled gas?

A: She also—she did not—she said she smelled gas. She wanted us to light the pilots. She said nothing of the leak.

J.D. Mosley testified he was the division manager of Standard Butane Company, and further testified as follows:

Q: All right. Now, were you around when she got the call on the 19th?

A: I was at the office, yes, sir.

Q: Do you recall her telling you that they complained they had smelled some gas?

A: They wanted somebody to light the pilot. They smelled fumes.

&ast; &ast; &ast; &ast; &ast; &ast;

Q: All right. Now, you relayed the message, I believe, to Mr. Norment ...?

A: That is correct.

Q: And you told him to go light the pilots, didn't you?

A: That is correct.

Q: You didn't tell him to check for gas leaks, did you?

A: No, sir.

Q: You didn't tell him the lady called and smelled fumes, did you?

A: No, sir.

Wayne Norment testified he was the serviceman for appellee and in response to a call from his office, went to appellant's house, opened up the valve and lighted the pilots to the appliances. There is evidence to show that the serviceman was not told about the reported smell of fumes and that had he been informed that the tenant reported smelling fumes, he would have tested for gas leaks. The explosion occurred approximately one hour after the repairman left.

It is undisputed that appellee Standard Butane Company owned the gas tank, regulator and meters attached to the tank at appellant's house. The storage, transportation, sale, use and maintenance of containers, tank appliances, systems and equipment used in the consumption of liquefied petroleum products is regulated by the rules, regulations, and standards promulgated by the Railroad Commission of Texas pursuant to Chapter 113 of the Texas Natural Resources Code. The Code directs the Railroad Commission to promulgate rules and standards that "will protect or tend to protect the health, welfare and safety of the general public." Tex.Nat.Res.Code Ann. § 113.051 (Vernon Supp.1982–83). In *Bussey v. Mack,* 209 S.W.2d 385, 387 (Tex.Civ. App.—Texarkana 1948, no writ), the court held that judicial knowledge may be taken of the inherently explosive and dangerous nature of butane gas.

■ In this case it is clear that appellee, Standard Butane Company, owed a duty to the public, as well as to appellant, to guard the dangerous instrumentality set in motion when the gas valve was opened. *See Smith v. Koenning,* 398 S.W.2d 411, 416 (Tex.Civ. App.—Corpus Christi 1965, writ ref'd n.r.e.).

Norment, the repairman for appellee, was directed to go to appellant's house to light the pilots, which required him to open the gas valve. Appellee had actual notice that the tenant had reported the smell of fumes but neglected to so inform the repairman.

■ In considering the insufficiency of the evidence question we have reviewed the entire record, including the contradictory testimony of the tenant, Lisa Arrellano. We have considered also the fact that the repairman and a neighbor, Mr. Garcia, testified that they did not smell gas while the pilots were being lighted. What is apparent from the record is that the smell of fumes was reported to appellee, the gas tank was filled and the valve closed. The following day the valve was opened, the pilots to the appliances were lighted and an hour later the house exploded. In our view the origin of the igniting spark or flame is immaterial. *See Wichita City Lines, Inc. v. Puckett,* 156 Tex. 456, 295 S.W.2d 894 (1956). Concerning the sufficiency of the evidence question, the Supreme Court recently held in *Home Insurance Co. v. Davis,* 642 S.W.2d 268, 269 (Tex.1982), "If the point also raises the issue of no evidence or legal insufficiency, we find some evidence to support the finding but find it is factually insufficient. In that situation a remand of the case is required." Here, we find that the evidence is clearly insufficient to support the jury findings as to special issue number one and two.

The judgment of the trial court is reversed and the cause remanded.